BACON ET AL. *vs.* HART.

1. Where a writ of error is taken to the District Court, but no citation served on the defendant in error agreeably to the act of 1789, the writ will, on motion, be dismissed for want of jurisdiction.

2. A service of the citation on the attorney or counsel of the defendant in error is sufficient.

3. But where the attorney of record is dead, it will not do to serve it on his executrix or other personal representative.

4. Nor can the service be legally made on another member of the bar who had been a partner of the deceased counsel.

5. The courts cannot notice law partnerships or other private arrangements, and counsel cannot be known as such, unless by their appearance on the record.

*Mr. Stanton*, of Washington city, for the defendant in error, moved that the writ of error in this case be dismissed for want of a citation.

Mr. Chief Justice TANEY. We have looked into this record, and find that the writ of error must be dismissed. The action was in the nature of an ejectment, and brought to recover possession of land. The plaintiff below was William Hart, *junior*, a citizen of New York, residing at Manilla. His counsel in the cause was William Hart, *senior*. In March, 1858, judgment was rendered by the court for the plaintiff. In October of the same year a writ of error was sued out, returnable on the first Monday in December next thereafter, and service of the citation was on the 9th of October admitted by William Hart, *senior*. But this writ of error was not returned during the term to which it was made returnable, and failed, therefore, to bring up the case. A second writ of error was taken by the defendant below in August, 1859, returnable to the ensuing December term of this court. The citation under

this latter writ was directed to William Hart, *junior*, and served according to the marshal's certificate, on Mary Hart, widow, and executrix of William Hart, *senior*, who died after the judgment, and on J. D. Stevenson, his former law partner.

A service of the citation on the attorney or counsel of the proper party is sufficient; but the executrix of the counsel on record was not the counsel of her testator's client. His char acter and duties as counsel did not devolve on his own person al representative after his death. Nor is Mr. Stevenson to be regarded as the counsel of William Hart, *junior*, merely because he had been the partner of William Hart, *senior*. We cannot notice law partnerships or other private relations between members of the bar. This may have been a partnership, solely because it provided for a division of profits, without putting either partner under any responsibility for the suits conducted by the other. The courts can know no counsel in a cause ex cept those who regularly appear as such on the record.

The citation not being served on the party as his counsel, the cause is not brought into this court, agreeably to the act of 1789; and the writ must therefore be dismissed for want of jurisdiction.

*Writ of error dismissed.*