### BIGLER v. WALLER.

On a bill filed in the Circuit Court for Virginia, against A. and B., the administrators of both were substituted on the record as defendants; A. and B. themselves having died after the bill was filed, and suggestion of their deaths being made. In this state the cause was heard and judgment given for the defendants. The complainant appealed to this court, the appeal bond and the citation referring, however, throughout, to A. and B. as defendants in the case, and not referring in any way to their suggested deaths and the substitution of their administrators. J. A. I., signing himself "counsel *for the defendants in this cause in the Circuit Court* of the United States for Virginia," acknowledged service of the citation.

On motion in this court to dismiss, the court acknowledging the obvious irregularity of both bond and citation, yet *held*,

1. That the acceptance by the counsel, J. A. I., in the circumstantial language above quoted, was a waiver of the irregularity in the citation.

2. That the irregularity, as respected the bond, did not necessarily exact a dismissal, which was accordingly ordered, only unless the appellant filed a sufficient appeal bond, in the usual form, within ten days, in the same sum as that required on the allowance of the appeal.

MOTION to dismiss for want of jurisdiction an appeal from the Circuit Court for the District of Virginia; the case being thus:

James Bigler filed a bill in the court below against William Waller and Robert Saunders. Pending the suit, Saunders died, and his death being suggested, a scire facias to revive the cause was issued, and returned executed on one Harrell,

his administrator. The death of the defendant, Waller, was also afterwards suggested, and one W. G. Waller, administrator on his estate, moved for leave to appear and defend the suit. The court, accordingly, on the 3d of June, 1870, ordered that the suit should proceed against the said Harrell, and the said W. G. Waller, administrators, as already mentioned. In this state of the cause it was heard, and a decree given that Bigler, the complainant, pay to the said W. G. Waller, administrator of William Waller, a sum of money specified, and to the several defendants their costs. From that decree Bigler took an appeal to this court; the appeal being taken in assumed conformity to the second section of the Judiciary Act, which gives an appeal from the Circuit Court to this court, "the citation being signed by a judge, &c., and the *adverse party* having at least thirty days' notice." And which further says:

"And every justice or judge signing a citation, &c., shall take *good and sufficient security* that the plaintiff in error shall prosecute his writ."

By the already mentioned Judiciary or other acts of Congress, the appeal, if taken within a time limited (security being given in like manner), operates as a supersedeas. Prefixed to the appeal bond which Bigler, the appellant, gave in this case, were these words:

"SUPREME COURT OF THE UNITED STATES.

James Bigler
          *v.*
William Waller and Robert Saunders.

Bond on appeal."

The bond itself purported to be "given to the above-named *William Waller and Robert Saunders* in the sum of $20,000," and was with a condition, reciting that "the above-named James Bigler had prosecuted an appeal to the Supreme Court of the United States to reverse *the decree rendered in the above entitled suit by the Supreme Court of the United States.*" The

condition of the bond was, that "the above-named James Bigler shall prosecute his said appeal to effect, and answer *all damages and costs* if he shall fail to make good his plea."

The citation was directed "*to William Waller and Robert Saunders,*" and imported that they were to appear pursuant to an appeal, "wherein *James Bigler is plaintiff and you are defendants.*" On the citation was this indorsement:

"I hereby acknowledge service of the within citation.

"James Alfred Jones,

"Counsel for the defendants in this cause in the Circuit Court
of the United States for the District of Virginia."

In this court the appearance had been special.

*Mr. Conway Robinson,* in support of the motion:

1. There has been no proper citation to the "adverse party." It was directed "to William Waller and Robert Saunders," and therefore was without effect;* for both of the parties cited were dead, and appeared by the record to be dead before the decree. Nor has there been any waiver; the indorsement by Mr. Jones, who had been counsel for those who were *defendants in the Circuit Court,* not being intended as waiver, nor amounting to such; and there being no waiver by the counsel in the Supreme Court, where the appearance was, but a *special* one.

2. Neither had "good and sufficient security" been taken, for the instrument was void by the common law, since both the persons named as obligees were dead, and appeared by the record to be dead before the decree.

After *Catlett* v. *Brodie,*† it was in one case said that "the mode of taking the security, and the time of perfecting it, are matters of discretion to be regulated by the court granting the appeal."‡ But subsequently where it appeared "that no appeal bond was taken or approved by the judge signing the citation," the appeal was dismissed.§ Other cases sup-

---

* Palmer *v.* Donner, 7 Wallace, 541.
† 9 Wheaton, 553.      ‡ Dos Hermanos, 10 Wheaton, 311.
§ Boyce, &c., *v.* Grundy, 6 Peters, 777.

port this conclusion, where the appeal operates as a superse-
deas.* In 1853, the court referring to the language above
quoted from the Dos Hermanos said :†

" This cannot apply to a case where the appeal operates as a
supersedeas. ·It must be brought strictly within the provisions.
of the law."

3. Even if the appeal be not dismissed, it should not be
allowed to operate as a supersedeas when there has not been
taken ." good and sufficient security" by a.*proper* bond.‡
Such terms should be imposed on the appellant as under the
circumstances appear proper. There should at least be an
order for the dismissal of the appeal, unless within such
time as the court may prescribe there be given a proper bond
with good and sufficient security.

·*Mr. W. F. Mattingly, contra.*

Mr. Justice CLIFFORD delivered the opinion of the court.

The record shows that the appellant, on the fourteenth of
June, 1866, instituted a suit in equity in the Circuit Court
against William Waller and Robert Saunders, for the cause ·
of action set forth in the bill of complaint. Among other
things he alleged that he entered into an agreement in writ-
ing with William Waller for the purchase of certain real
estate lying in the county of York and State of Virginia;
that the said respondent, on the 10th of May, 1853, executed
to the complainant a deed of ·the said real estate, and that
the complainant, on the same day, made the cash payment
as stipulated in the agreement, and gave to the respondent,
at the same time, his obligation to pay the balance of the
purchase-money at the times therein specified; that on the
twenty-second of June, in the same year, the complainant

---

* Stafford et al. v. Union Bank, 16 Howard, 140.

† Adams, &c., v. Law, 16 Howard, 148.

‡ Catlett v. Brodie, 9 Wheaton, 553; Stafford, &c., v. Union: Bank, 16,
Howard, 140; Adams, &c., v. Law, 1d. 148.

executed to the other respondent a trust deed of the premises to secure the balance of the consideration which he agreed to pay for the real estate, as stipulated in that obligation; that he went into possession, made valuable improvements, and continued to make the stipulated payments until April, 1861, when the war broke out, and he was compelled to leave the State; that after he left the State, Waller authorized the other respondent, as such trustee, to make sale of the real estate, and the complainant alleges that the trustee effected the sale without publishing the notice required by the terms of the deed of trust, and that he satisfied the said obligation out of the proceeds of the sale, and has failed to account to the complainant for the balance of the proceeds; that Waller became the purchaser of the real estate at that sale; that he immediately took possession of the same, together with certain personal property of great value belonging to the complainant; that he sold the same and converted the proceeds to his own use, and applied the same to the payment of the balance due on the said obligation; that he also rented the real estate and received large sums of money as rents; that he, the complainant, subsequently succeeded, through the aid of our military authorities, in recovering possession of the real estate, but that he found it in a ruinous condition; that since that time, to wit, on the eleventh of November, 1865, Waller instituted a suit against him on the said obligation in the Supreme Court of the City and County of New York, to recover what he claims to be due thereon; that subsequently the other respondent posted up, in the county where the real estate is situated, a notice "that he would, at the request of said Waller, in a few weeks, sell said real estate."

Based on these and other similar allegations the charge is made that Waller may induce the trustee so to act in regard to the sale of the premises as to cheat and defraud the complainant; therefore he prays that the trustee may be enjoined from selling the said real estate, and that the said Waller may be enjoined from assigning his interest in the said obligation until the suit in the Supreme Court of the City and

County of New York is determined, and for an account, and that the respondents may be required to deliver up all deeds and papers in their possession concerning said sale.

Suffice it to say, without entering into details, that such proceedings were had that a decree was entered that the appellant should pay to William G. Waller, administrator of William Waller, deceased, the sum of seventeen thousand three hundred and seventy-seven dollars in coin, and costs, to the defendants.

Dissatisfied with that decree the complainant appealed to this court, which is the case involved in the motion.

Pending the suit here the appellees have appeared specially and filed a motion to dismiss the appeal upon two grounds: (1) Because the citation is addressed to the original parties, one or both of whom deceased before the final decree. (2) Because the bond given to prosecute the appeal is executed to a deceased respondent and not to the administrator in whose favor the decree was entered.

Undoubtedly the citation is irregular, as it should be addressed to the actual parties to the suit at the time the appeal was allowed and prosecuted. Where a party dies before the appeal is allowed and prosecuted the suit should be revived in the subordinate court, and the citation, as matter of course, should be addressed to the proper party in the record at that time.

Notice is required by law, and where none is given and the failure to comply with the requirement is not waived, the appeal or writ of error must be dismissed, but the defect may be waived in various ways, as by consent or appearance or the fraud of the other party. Service of the citation may be made upon the attorney of record of the proper party.*

Unquestionably the attorney of record may also waive service, and acknowledge notice on the citation, as in that behalf he represents the party.†

On the citation in this case is the following indorsement:

---

* Bacon et al. *v.* Hart, 1 Black, 38.

† Grosvenor *v.* Danforth, 16 Massachusetts, 74; Adams *v.* Robinson, 1 Pickering, 461.

"I hereby acknowledge service of the within citation. James Alfred Jones, counsel for the defendants in this cause in the Circuit Court of the United States for the District of Virginia."

Viewed in any reasonable light it seems to the court that the attorney knew that the appeal was allowed by the court and was prosecuted by the appellant, which is the only purpose intended to be effected by the citation. Having been counsel in the cause the party signing that certificate must have known that the suit had been revived, as that proceeding took place before the final decree was entered. Such a service would be sufficient beyond all doubt if there had been no error in the form of the citation, and as that objection is merely a formal one we are all of the opinion that it must be considered as waived by the circumstantial language of the certificate signed without objection by the attorney of record in the Circuit Court.

2. Appeals from decrees of the Circuit Court to this court are allowed where the matter in dispute, exclusive of costs, exceeds the sum or value of two thousand dollars, and the provision is that such appeals shall be subject to the same rules, regulations, and restrictions as are prescribed in law in case of writs of error.*

Good and sufficient security must be taken by every justice or judge who signs the citation, that the plaintiff in error shall prosecute his writ to effect and answer all damages and costs if he fail to make his plea good; and in order that the writ of error may operate as a supersedeas and stay execution the writ must be served by a copy thereof being lodged for the adverse party, in the clerk's office where the record remains, within ten days, Sundays exclusive, after the judgment was rendered or the decree was passed.† Such a service is not required in an appeal, but the requirement is that the appeal must be taken and allowed, in cases where it is required to be allowed, within the same period of time, and

---

* 2 Stat. at Large, 244.　　　　　† 1 Stat. at Large, 85.

in both cases, that is whether the cause is removed by writ of error or by appeal, the plaintiff in error or the appellant must give the required security within the ten days, Sundays exclusive, in order that the writ of error or appeal may operate as a supersedeas. "What is necessary is that the security be sufficient, and when it is desired to make the appeal a supersedeas the security must be given within ten days from the rendering of the decree."[*] Unless taken within the ten days an appeal cannot be made to operate as a supersedeas, but a party appealing within that time may not desire that the appeal shall have that effect, and in that event all that can be required of him is that he shall give good and sufficient security for costs, including "just damages for delay."[†]

Argument to show that the bond in this case is irregular and defective is unnecessary, as it is clear that it should be given to the opposite party or parties in the suit, but it does not follow, by any means, that the appeal must be dismissed. On the contrary, it is the constant practice of the court to allow such defects to be obviated by granting leave to the appellant or plaintiff in error to file a new bond within a reasonable time, to be fixed by the court, in view of all the circumstances when the application is made.[‡]

Even if the appeal is not dismissed it is suggested by the appellees that it should not be allowed to continue to operate as a supersedeas, because the appeal bond or the required "good and sufficient security" was not given within the ten days from the date of the decree, but it is a sufficient answer to that suggestion at this time to say that no such question is before the court. Such a question may arise hereafter, but the decision of the court at present is that the motion to dismiss must be granted unless the appellant file a sufficient appeal bond in the usual form within ten days in the same sum as that required by the Chief Justice who allowed the appeal.

---

[*] Rubber Company *v.* Goodyear, 6 Wallace, 156; Catlett *v.* Brodie, 9 Wheaton, 553.

[†] Rule 32; 1 Stat. at Large, 404.

[‡] The Dos Hermanos, 10 Wheaton, 306; Brobst *v.* Brobst, 2 Wallace, 96.

Leave is granted to the appellees to file such a bond, but the court does not decide what the effect will be nor that it is or is not competent for this court in such a case to grant a supersedeas, as no such application is before the court.

