### CHISUM and others *v.* AYERS, Adm'r, and others.

*(Supreme Court of New Mexico. January 20, 1887.)*

ERROR, WRIT OF—HOW TAKEN.

After judgment for plaintiff below, defendant moved, in the lower court, for an order to remove the cause by writ of error to the supreme court, which was granted, and thereupon defendant procured a certified transcript of the record, and filed it in the supreme court, but no writ of error or citation was issued from the supreme court, and plaintiff entered only a special appearance there. *Held,* that the supreme court did not acquire jurisdiction, and that the defect was not remedied by a stipulation filed in the lower court that the exhibits should be sent up without printing them.

Appeal from district court, Lincoln county.
Motion to strike from docket.

LONG, C. J. This is a proceeding commenced in the district court for the Third district, sitting in the county of Lincoln, in equity, upon a creditors' bill filed by John Ayers, administrator, Louis M. Baca, and others, as complainants, against John Chisum, James Chisum, and others, as defendants. Such proceedings were had that, on the fourteenth day of November, A. D. 1885, in vacation, at chambers, before the judge of said court, a decision in said case was rendered in favor of the complainants, and against the defendants. On the ninth day of December, 1885, Peter Chisum and the other defendants below filed in the office of the clerk of the Third district court a verified petition, and moved thereon, upon presentation to said judge, that "an order be granted to remove said cause by writ of error to the supreme court for a review of the same." Thereupon, at chambers, on said day, the judge "ordered that such writ of error be and the same is hereby granted." On the same day the following stipulation was entered into:

"It is hereby agreed by and between the undersigned, counsel for complainants and defendants in the above-entitled cause, that the exhibits on file in said cause shall not be printed, and that said exhibits may be sent up to the supreme court, with the printed transcript of the evidence and pleadings in said cause.     GEORGE B. BARBER, of Counsel for Defendants.
"W. T. THORNTON, of Counsel for Complainants."

The plaintiffs in error procured a transcript of the proceedings in the court below, and caused the same to be certified by the clerk of the district court for the Third district, and filed the same with the clerk of this court, who docketed the said cause as one pending here.

The defendants in error, who were plaintiffs below, appeared in this cause specially, for the purpose only of the motion made, and thereon "moved the court to strike this cause from the docket as having been improperly docketed in this court, for the reason that no writ of error has ever been issued to bring this cause into this court for review, and that no process has been issued from this court in this cause for service upon said defendants in error; and for the further reason that no steps have been taken by said plaintiffs in error to obtain the issuance of any writ of error from this court." No steps have been taken in the cause by plaintiff in error to get the same properly before this court except those stated. No formal or even informal writ of error issued, tested by any one. No *præcipe* was ever filed. No citation has issued, nor has any been asked for.

In the case of *Kidder* v. *Bennett*, 2 N. M. 39, on the second day of January, A. D. 1880, the supreme court held: "Under our practice, it is true that a writ of error will not lie in chancery cases,"—and express a regret "that technical differences as to methods of appeal, now abrogated in many states, should continue to exist in New Mexico."

A few days thereafter what is now section 2193 of the Compiled Laws was enacted by the legislative assembly. That section reads thus: "Sec. 2193. All cases, either in law or equity, finally adjudged or determined in the district court, may be removed into the supreme court of the territory for review, either by appeal or writ of error." It may be that the assembly passed this section to meet the point suggested in the foregoing decision. At all events, the statute is in no manner ambiguous. Its terms are clear and definite, and the section carries its own construction. In positive terms, it applies to all cases; and then, to emphasize that expression, adds, "in law or equity." Section 2194 provides the manner in which the cause shall be brought into the appellate court: "The clerk of the supreme court shall issue a writ of error to bring into the supreme court any cause finally adjudged or determined in any of the district courts upon a *præcipe* therefor filed in his office by any of the parties to such cause." Section 2199: "Hereafter no writ of error shall be allowed by the supreme court, except," etc. These are plain provisions, and easily understood; and it was within the power of the legislative assembly to enact them.

Together with rule 5, p. 5, Supreme Court Rules, they constitute a proceeding in nowise difficult to comprehend.

"Rule 5. The clerk of the court to which any writ of error shall be directed, shall make return of the same by transmitting a true copy of the record," etc.

The writ of error issues out of the supreme court by its clerk, on *præcipe* filed. In that way the record is brought in. This record is here without any such writ, so far as appears, upon a mere request by the plaintiff in error.

It is not necessary to consider whether the proceedings taken in this case should operate as a *præcipe* filed, because no writ of error has in fact ever issued. There is an entire absence of such writ. No steps have been taken, by citation or otherwise, to bring the cause or defendant into this court. The case stands this way: A case appears on the docket. Its record was brought

here by the plaintiff, acting on his own motion. There is no general appearance for the defendants,—citation, process, or service of any kind. By what legal means, then, under such a record, can this court acquire jurisdiction to proceed? Not by writ of error and citation, nor by appearance, for they are all absent in this case. It is suggested the stipulation before set out may confer jurisdiction. That stipulation was not in this court. It is no part of the proceedings here; but, on the contrary, a mere collateral agreement between the parties respecting certain exhibits, and does not purport to be a waiver of any writ or citation.

In *Bacon* v. *Hart*, 1 Black, 38, in the supreme court of the United States, a writ of error was sued out, but citation was not served on the defendants in error, and the writ was therefore dismissed. It is elementary that the court does not take jurisdiction, in the absence of ·process or appearance, or something equivalent thereto. We hold that for the want of the writ of error, in the absence of citation or general appearance by defendant, that this court has no jurisdiction to look into the record, but must sustain the motion of defendant on his special appearance.

The cause is stricken from the docket.

BRINKER and HENDERSON, JJ., concur.