# TRIPP *v.* SANTA ROSA STREET RAILROAD COMPANY.

## ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 197. — Submitted March 9, 1892. — Decided March 21, 1892.

Service of citation by a plaintiff in error upon the defendant in error by depositing in the post-office a copy of the same, postage paid, addressed to the attorney of the defendant in error at his place of abode, is an insufficient service.

The decision of the Supreme Court of a State in a case in which applica-

tion for removal to the Circuit Court of the United States had been made in the trial court and denied, that, as no appeal was prosecuted from the final judgment, the order denying the application to remove was not open to review, and its judgment thereupon dismissing the appeal from the orders refusing to set aside the judgment of the court below, rest upon grounds of state procedure, and present no Federal question.

THE case is stated in the opinion.

*Mr. Philip G. Galpin* for plaintiff in error.

No appearance for defendants in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

We gather from the record that this was an action of ejectment commenced March 9, 1881, in the Superior Court in and for the county of Sonoma, California, against some one thousand defendants, of whom two or three hundred, having filed separate answers to the complaint, were awarded separate trials which were set down for December 13, 1881, and by the court continued until the 14th. On that day a motion by plaintiff for a continuance, on affidavit, was made and overruled, whereupon a petition and bond for the removal of the cause to the Circuit Court of the United States for the Northern District of California were filed by the plaintiff. This application, after argument and consideration, was denied December 15, 1881, as to each of the defendants who had obtained separate trials, on the ground that it was made too late, and the cases as to them, being called for trial, were severally dismissed for want of prosecution.

Upon the third of January, 1882, plaintiff filed motions to set aside the several orders of dismissal, and to vacate the orders denying the application for removal, and these motions were heard and denied on February 13, 1882. Plaintiff thereupon gave notice of appeal to the Supreme Court of California from the orders of the Superior Court made on February 13, and the appeals, having been prosecuted, were dismissed by

that court on May 26, 1886, and to review that judgment this writ of error was sued out.

The Supreme Court held that plaintiff should have appealed from the judgments of the Superior Court dismissing the suit, and that had such appeal been taken the order of refusal to transfer to the Circuit Court of the United States might have been considered, but as there was no appeal from the final judgments the court could not review that order. The writ of error from this court was allowed February 24, 1888, by the chief justice of the state Supreme Court by whom a citation was signed.

The only proof of service of this citation is an affidavit that notice of citation was given to defendants' attorneys, "by depositing in the post-office at San Francisco, Cal., a copy of said citation, postage paid, addressed to said attorneys at their respective places, to wit: [Here follow names of the attorneys as residing at Santa Rosa,] all of the county of Sonoma, on the 29th day of September, A.D. 1888; that on the day of said service there was a regular communication by mail between San Francisco and Santa Rosa."

The appearance of none of the defendants in error has been entered in this court, nor does the record disclose any notice of the pendency of the writ, or waiver thereof.

Assuming the sufficiency of the affidavit, and that it established what would be a proper service under the laws of California, (Cal. Code Civ. Proc. §§ 1012, 1013; 3 Deering Codes and Statutes, 416,) in respect of which we express no opinion, the question presents itself whether such a service of citation to this court can be sustained. The statute provides that "the adverse party shall have at least thirty days' notice," Rev. Stat. § 999; and the citation is a summons to bring him in, which, under subdivision five of rule eight, must be served before the return day. Service may be had upon his attorney or counsel with like effect as upon the party himself, but when counsel of record is dead, it cannot be served on his personal representative, nor even on his partner if not regularly appearing on the record as counsel in the cause. *Bacon v. Hart*, 1 Black, 38. No attorney or solicitor can withdraw

his name after he has once entered it upon the record, without the leave of the court; and while his name continues there the opposite party has a right to treat him as the authorized attorney or solicitor and the service of notice upon him is valid. *United States* v. *Curry*, 6 How. 106. In *Fairfax* v. *Fairfax*, 5 Cranch, 19, 21, where the defendant below intermarried after the judgment and before the service of the writ of error, the service of the citation upon the husband was held sufficient.

The necessity of the actual issue and actual service of citation, except in cases of appeals allowed in open court, and in the absence of equivalent notice or waiver, is reiterated in many cases, while much liberality is exercised in permitting service to be made during the return term, or a new citation to be issued, where the circumstances invoke the discretion of the court. *Hewitt* v. *Filbert*, 116 U. S. 142; *Dayton* v. *Lash*, 94 U. S. 112.

The citation may be waived by a general appearance, *Villabolos* v. *United States*, 6 How. 81, 90; or by the acceptance of service of a defective citation, *Bigler* v. *Waller*, 12 Wall. 142; or by action equivalent to the acknowledgment of notice, *Goodwin* v. *Fox*, 120 U. S. 775.

But none of the cases give color to the view that the service or acknowledgment or waiver can be other than personal on or by the party or his attorney.

By the thirteenth equity rule it is provided that "the service of all subpœnas shall be by a delivery of a copy thereof by the officer serving the same to the defendant personally, or by leaving a copy thereof at the dwelling house or usual place of abode of each defendant, with some adult person who is a member or resident in the family;" and service of citation upon parties in this way would doubtless be sufficient. But we cannot be governed in the matter of our own process by the varying laws of the States and Territories upon the subject, and actual notice, or notice directed by rule or special order, must be shown before we can treat parties as properly in court.

This case has been upon our docket since October 9, 1888,

and been reached for argument and submitted upon a brief filed for plaintiff in error. It is now too late to assert jurisdiction over defendants in error, and the writ of error must therefore be dismissed.

We should add that the same result would follow if the citation had been duly served, as the record presents no Federal question upon which to maintain our jurisdiction. The decision of the Supreme Court of California that, as no appeal was prosecuted from the final judgments, the order denying the application to remove was not open to review, and its judgment thereupon dismissing the appeal from the orders refusing to set aside the judgments of the court below rest upon grounds of state procedure with which it is not our province to interfere.                              *Writ of error dismissed.*