MARTIN v. BURFORD' et al.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1910.)

No. 1,712.

1. APPEAL AND ERROR (§ 454*)—JURISDICTION OF APPELLATE COURT—PROCEED-INGS FOR TRANSFER OF CAUSE.

Where a writ of error has been sued out in due time, and duly returned and filed in the Circuit Court of Appeals, together with a transcript of the record and assignment of errors in proper form, the court acquires jurisdiction of the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2215; Dec. Dig. § 454.*]

2. APPEAL AND ERROR (§ 407*)—SERVICE OF CITATION.

A citation in error should be served personally on the attorneys of record, or upon all of the parties in whose favor judgment was entered, and service by mail is insufficient; but where service was so made, but the court has acquired jurisdiction of the case, a new citation may be issued and properly served.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2121; Dec. Dig. § 407.*]

In Error to the District Court of the United States for Division No. 1 of the District of Alaska.

Action by J. W. Martin against George C. Burford, Jules B. Caro, Charles E. Hooker, and J. B. Caro, partners as J. B. Caro & Co., to recover damages alleged to have been sustained by the plaintiff by reason of false representations as to the ownership of property purchased by the plaintiff from the defendants. Judgment for defendants, and plaintiff brings error. On motion to dismiss writ of error. Overruled.

E. M. Barnes, for plaintiff in error.

Winn & Burton and Hellenthal & Hellenthal, for defendants in error.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

MORROW, Circuit Judge. The defendants in error have appeared specially and interposed a motion to dismiss the appeal on the ground that the court has no jurisdiction to entertain the appeal, and on the further ground that the court is without jurisdiction of the persons of the defendants in error George C. Burford, Jules B. Caro, and Charles E. Hooker, or the partnership doing business under the firm name and style of J. B. Caro & Co., for the reason that the citation issued there was never served on George C. Burford, or Jules B. Caro, or Charles E. Hooker, or the partnership of J. B. Caro & Co. The plaintiff in error was the plaintiff in the court below, and the judgment appealed from was in favor of all the defendants in error. We assume that the motion was intended to be a motion to dismiss the writ of error, and will treat it as such. The writ of error was sued out in due time after the entry of the judgment, and was returned and docketed in this court, together with an authenticated transcript of the record

and the assignment of errors, with the prayer for reversal of the judgment, as provided by law. The court has therefore acquired jurisdiction of the case upon the writ of error, and the motion to dismiss the writ of error must be denied.

Whether the court has obtained jurisdiction of the defendants in error by the serving of the citation is another question. It appears from the evidence of service that the citation was not served upon the attorneys for the defendants in error nor upon George C. Burford, one of the defendants in error; that service was made upon the partnership of J. B. Caro & Co. by depositing a copy of the citation in the post office at Juneau, Alaska, postage prepaid, addressed to "J. B. Caro & Co., Juneau, Alaska"; and that no service of any kind was made upon Charles E. Hooker and J. B. Caro, the individual members of the partnership of J. B. Caro & Co. Service by mail was insufficient. Tripp v. Santa Rosa Street R. Co., 144 U. S. 126, 129, 12 Sup. Ct. 655, 36 L. Ed. 371. The citation should have been served upon the attorneys of record (Bacon v. Hart, 66 U. S. 38, 17 L. Ed. 52; Bigler v. Waller, 79 U. S. 142, 147, 20 L. Ed. 260), or upon all the parties in whose favor the judgment was entered in the court below (Knickerbocker Life Ins. Co. v. Pendleton, 115 U. S. 339, 341, 6 Sup. Ct. 74, 29 L. Ed. 432). It has been held that the appellate court cannot take jurisdiction of a writ of error which describes parties by the name of a firm. Where, however, the record discloses the names of the individuals who comprise the firm, the writ of error can be amended under section 1005, Rev. St. (U. S. Comp. St. 1901, p. 714). Estis v. Trabue, 128 U. S. 225, 228, 9 Sup. Ct. 58, 32 L. Ed. 437. But this rule of amendment does not apply to the citation, which is a notice to the adverse party or parties to appear in the appellate court and show cause why a judgment should not be corrected. In such case all parties in whose favor the judgment is rendered must have notice. The notice may be waived; but if not waived, and the defendants in error are not served with notice, either personally or by their attorney, they have not been brought within the jurisdiction of the court. The proper practice in such case is to issue a new citation. Knickerbocker Life Ins. Co. v. Pendleton, supra; Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127; Altenberg v. Grant, 83 Fed. 980, 28 C. C. A. 244.

Let a new citation issue in this case, to be served upon the attorneys of record representing the defendants in error in the court below, or the attorneys who have appeared specially in this court, or upon all the parties in whose favor the judgment was entered.