## SUTHERLAND et al. v. PEARCE.

### (Circuit Court of Appeals, Ninth Circuit. April 10, 1911.)

#### No. 1,932.

1. COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—DOCKETING OF CASE—RULES OF COURT.

The purpose of Circuit Court of Appeals rule 16 (150 Fed. xxix, 79 C. C. A. xxix), requiring plaintiff in error or appellant to file the record with the clerk before the return day, and authorizing defendant in error or appellee to have the cause dismissed for the failure so to do, is to enable appellee or defendant in error to secure the dismissal of an appeal or writ of error where it becomes apparent that appellant or plaintiff in error is not prosecuting his appeal, or writ of error, diligently, under the rules of the court, or that the appeal or writ of error has not been taken or sued out in good faith.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 405.*]

2. COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—DOCKETING OF CASE—RULES OF COURT.

An appellant granted an appeal on June 18th from an adverse decree rendered June 1st, preceding, gave on June 6th a supersedeas conditioned on his prosecuting the appeal to effect and answering the damages that might be awarded against him. A citation returnable July 20th was issued June 20th. The time for the return of the citation was extended to September 20th. The time within which to prepare a bill of exceptions was extended to November 20th. Appellant obtained an order giving him 40 days from October 1st in which to perfect his appeal. A bill of exceptions was signed September 15th and filed on October 17th. On October 26th appellant filed a præcipe with the clerk directing the forwarding of the transcript of the record, and he assisted the clerk in the preparation thereof. The court granted a motion for a new citation made returnable January 27th following. The record was filed January 24th. *Held* to justify the refusal to dismiss the cause under court rule 16 (150 Fed. xxix, 79 C. C. A.).

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 405.*]

3. EXCEPTIONS, BILL OF (§ 39*)—TIME FOR ALLOWANCE.

An order of the trial court allowing appellant four months from June 1st within which to prepare and file for allowance his bill of exceptions on appeal is complied with where he filed with the court for allowance a

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bill of exceptions which was signed by the judge on September 15th following, and which was filed with the clerk on October 17th.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 54–56; Dec. Dig. § 39.*]

4. **Appeal and Error** (§ 536*)—**Record—Bill of Exceptions.**

Under Code Civ. Proc. Alaska, § 223, providing that the statement of the bill of exceptions when settled and allowed shall be signed by the judge and filed with the clerk, and thereafter deemed a part of the record, a bill of exceptions allowed and signed by the judge, and filed with the clerk, is a part of the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2402, 2403; Dec. Dig. § 536.*]

5. **Courts** (§ 405*)—**Circuit Court of Appeals—Citation—Jurisdiction.**

A citation to the appellate court is not jurisdictional of the cause on appeal, but is jurisdictional of appellee, and its purpose is merely to give notice to appellee that an appeal will be prosecuted, so that he may appear and be heard.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 405.*]

6. **Courts** (§ 405*)—**Circuit Court of Appeals—Citation—Jurisdiction.**

Where the time within which to return the record into the Circuit Court of Appeals as provided by the original citation had expired, the trial court could, on appellee having notice, grant a new citation as against the objection to an extension of the time for the return of the citation on the ground that the appeal was then pending in the Court of Appeals.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 405.*]

Appeal from the District Court of the United States for Division No. 1 of the District of Alaska.

Action by Charles H. Pearce against W. J. Sutherland and another. There was a judgment for plaintiff, and defendants appealed to the Court of Appeals (183 Fed. 1023). Motion to vacate and set aside a decree of dismissal granted and cause set down for hearing.

See, also, 186 Fed. 787.

W. C. Sharpstein, for appellants.

G. C. Israel, J. A. Hellenthal, and Grant H. Smith, for appellee.

Before MORROW, Circuit Judge, and VAN FLEET and DIETRICH, District Judges.

MORROW, Circuit Judge. This cause was docketed in this court on January 3, 1911, by counsel for appellee under rule 16 (150 Fed. xxix, 79 C. C. A. xxix) of this court, and dismissed upon the production of a certificate from the clerk of the District Court for the District of Alaska, Division No. 1, dated December 17, 1910, reciting the entry of a decree in favor of the appellee on June 1, 1910; the allowance of an appeal on June 18, 1910; the issuance of a citation on June 20, 1910, returnable July 20, 1910; the entry of an order extending the time for the return of the citation to September 20, 1910; the entry of an order on September 8, 1910, extending the time within which to prepare and present a bill of exceptions to November 20, 1910. The certificate further set forth that no further order or orders enlarging or extending the time within which to transmit the record in the case to this court, or within which to docket the case in this

court, or extending the time within which to return the citation, or the transmission of the record and the docketing of the case in this court, had been filed or entered in the office of the clerk of the District Court for the District of Alaska, Division No. 1. The inference to be drawn from the facts recited in this certificate was that the appeal was not being prosecuted in good faith, but for delay, and that it had been abandoned by the appellants, and upon this showing the appeal was ordered dismissed by this court.

Rule 16 is as follows:

"1. It shall be the duty of the plaintiff in error or appellant to file the record thereof and docket the case with the clerk of this court at San Francisco, California, by or before the return day, whether in vacation or in term time. But for good cause shown, the justice or judge who signed the citation, or any judge of this court, may enlarge the time by or before its expiration, the order of enlargement to be filed with the clerk of this court. If the plaintiff in error or appellant shall fail to comply with this rule, the defendant in error or appellee may have the cause docketed and dismissed, upon producing a certificate, whether in term time or vacation, from the clerk of the court wherein the judgment or decree was rendered, stating the case and certifying that such writ of error or appeal has been duly sued out or allowed. And in no case shall the plaintiff in error or appellant be entitled to file the record and docket the case after the same shall have been docketed and dismissed under this rule, unless by order of the court."

[1] The purpose of this rule is to enable the appellee or defendant in error to secure the dismissal of an appeal or writ of error where it becomes apparent by a proper showing that the appellant or plaintiff in error is not prosecuting his appeal or writ of error diligently under the rules of the court, or that the appeal or writ of error has not been taken or sued out in good faith, but only for the purpose of delay.

[2] In the present case the certificate of the clerk omitted certain important proceedings which were had in the court below prior to December 17, 1910, the date of the certificate. These proceedings appear in the record now on file and by affidavits on the present motion. The certificate omitted to recite that the appellants on June 6, 1910, had given a supersedeas bond in the court below in the sum of $30,000, conditioned that they would prosecute the appeal to effect and answer all damages that might be awarded against them. It omitted to recite that an order was entered on September 26, 1910, "that defendants have forty days additional time from October the 1st, 1910, in which to perfect their appeal." It omitted to recite that a bill of exceptions in the case was signed on September 15, 1910, and that this bill of exceptions was filed with the clerk of the court on October 17, 1910. The certificate further omitted to recite that the appellants on October 26, 1910, filed a præcipe with the clerk of the court directing him to prepare and forward a transcript of the record to this court, and that the præcipe enumerated the documents of which this transcript was to consist. Had these recitals appeared in the clerk's certificate, this court would have been informed that appellants were prosecuting their appeal, and that seven weeks prior to the date of the clerk's certificate he had been directed by the appellant's præcipe to prepare a transcript of the record for this court. It appears, further,

that the appellants undertook to assist the clerk in the preparation of this transcript by supplying him with office copies of such papers as they had copies of, and, by reason of delay in preparing the transcript, the appellants on December 23, 1910, gave the appellee notice of a motion that the clerk be allowed to withdraw a duplicate copy of the bill of exceptions from the files and incorporate the same in the transcript. A motion was also made at the same time for the issuance of a new citation. It appears that these motions were heard on December 24, 1910; attorneys for appellee being present and opposing the same.

The objection was made and urged against these motions that the time within which a bill of exceptions might be presented had expired on November 20, 1910; that the time for the return of the citation had expired on September 20, 1910; and that the court was without jurisdiction to make the orders mentioned in appellants' motions for the reason that the cause was then pending in this court on appeal. On December 28, 1910, the District Court made an order granting appellants' motions for a new citation, and made it returnable January 27, 1911, and made an order that the bill of exceptions be made part of the record on appeal. Upon the hearing of this motion no mention was made by attorneys for appellee that they had prior to that time procured a certificate from the clerk upon which they proposed to move this court for the dismissal of the appeal for a failure to file the record in time, and the clerk himself, who was in court at the time, made no mention of this certificate. It appears, further, that, while this motion was being presented to the court below, the attorneys for appellants had no intimation that a motion for the dismissal of the appeal in this court was contemplated by the appellee, and, when counsel for appellee appeared in this court with the certificate of the clerk dated December 17, 1910, no mention was made of the subsequent proceedings in the court below wherein the time for the return of the citation had been extended to January 27, 1911, nor was there any intimation whatever that the court below had taken any action in the case subsequent to the date of the clerk's certificate. This was a suppression of information which this court was entitled to receive from the appellee when the motion for a dismissal was made; and, had these facts been presented to this court at that time, it would have justified the court in refusing to dismiss the cause under rule 16. Hardeman v. Anderson, 4 How. 640, 11 L. Ed. 1138; Hogan v. Ross, 11 How. 294, 13 L. Ed. 702.

[3] The objection is renewed here as made in the court below that the bill of exceptions was not made a part of the record in the case until December 28, 1910, and it is claimed that this was after the time for filing a bill of exceptions had expired. We do not consider this objection well taken. The court entered an order on June 1, 1910, that the defendants should have four months within which to prepare and file for allowance their bill of exceptions on appeal. This time expired on October 1, 1910. The defendants complied with this order, and filed with the court for allowance a bill of exceptions which was signed by the judge on September 15, 1910, and this bill of exceptions

allowed by the court was filed with the clerk of the court on October 17, 1910. We think this was a compliance with the order of the court. It was filed for allowance prior to October 1, 1910.

[4] But it is further objected that the bill of exceptions was not made part of the record until December 28, 1910. Section 223 of the Alaska Code of Civil Procedure provides:

"The statement of the bill of exceptions when settled and allowed shall be signed by the judge and filed with the clerk, and thereafter it shall be deemed and taken to be a part of the record of the cause."

The statute made the bill of exceptions part of the record.

It is further objected that the time for returning the record into this court as provided by the citation expired on September 20, 1910, and the court had no jurisdiction on December 28, 1910, to extend the time to January 27, 1911.

[5] A citation to the appellate court is not jurisdictional of the cause. It is jurisdictional of the appellee or defendant in error, and its purpose is to give notice to the appellee or defendant in error that an appeal or writ of error will be prosecuted so' that he may appear and have a hearing if he so desires. Martin v. Buford, 176 Fed. 554, 100 C. C. A. 159; Lockman v. Lang, 132 Fed. 4, 65 C. C. A. 621.

[6] The appellee had notice in this case that an appeal had been taken to this court for he appeared by counsel in the District Court on December 24, 1910, and objected to an extension of the time for the return of the citation on the ground that the appeal was then pending in this court.

The record was filed in this court on January 24, 1911. This showing is clearly sufficient to justify this court in setting aside the order of dismissal, and setting the case down for a hearing on the May term calendar.

And it is so ordered.