CRESCENT WHARF & WAREHOUSE CO.
et al. v. PILLSBURY et al.

No. 8374.

Circuit Court of Appeals, Ninth Circuit.
Jan. 4, 1938.

F. Britton McConnell and Claude F. Weingand, both of Los Angeles, Cal., for appellants.

Peirson M. Hall, U. S. Atty., and Hal Hughes and Ralph E. Lazarus, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee Pillsbury.

David A. Fall, of San Pedro, Cal., for appellee Hunter.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

On February 9, 1935, Alfred E. Hunter (hereafter called claimant) was employed by the Crescent Wharf & Warehouse Company (hereafter called the employer), in maritime employment, upon navigable waters of the United States. To secure payment of compensation to its employees under the Longshoremen's and Harbor Workers' Compensation Act, § 1 et seq. 44 Stat. 1424–1446, as amended, 33 U.S.C.A. §§ 901–950, the employer had, pursuant to section 32 of the act, 33 U.S.C.A. § 933, insured payment of such compensation with the Pacific Employers Insurance Company (hereafter called the carrier).

On April 8, 1935, claimant filed with Warren H. Pillsbury, a deputy commissioner of the United States Employees' Compensation Commission, a claim for compensation for disability alleged to have resulted from an accidental injury arising out of and in the course of his aforesaid employment and alleged to have occurred on February 9, 1935. After notice and hearing, as provided in section 19 of the act, 33 U.S.C.A. § 919,[1] the deputy commissioner on June 27, 1935, issued an order rejecting the claim.

On July 8, 1935, claimant petitioned the deputy commissioner for a rehearing of his case. On July 25, 1935, the deputy commissioner vacated his order of June 27, 1935, and granted claimant's petition for rehearing. A rehearing was had on August 17, 1935, the employer and the carrier appearing and participating therein. On August 19, 1935, the deputy commissioner issued an order awarding compensation to claimant in the sum of $675, payable forthwith, and the further sum of $25 a week, payable each two weeks until termination of disability.

On September 18, 1935, in the District Court of the United States for the Southern District of California, the employer and the carrier commenced a proceeding in admiralty against claimant and the deputy commissioner under section 21 of the act, 33 U.S.C.A. § 921, to enjoin and set aside the compensation order of August 19, 1935. Answers were filed, the case was heard, and the District Court on September 24, 1936, entered its decree dismissing the libel,[2] affirming the compensation order, and awarding costs and attorney's fees to claimant. From that decree, the employer and the carrier have appealed.

The appeal was taken (1) by filing with the clerk of the District Court and serving on the proctors for appellees a notice of appeal, as provided in rule 1 of our then existing Admiralty Rules;[3] (2) by filing,

---

[1] Section 19 provides that claims for compensation may be filed with the deputy commissioner; that the deputy commissioner shall have full power and authority to hear and determine all questions in respect of such claims; that within 10 days after a claim is filed, the deputy commissioner shall notify the employer and any other interested party that such claim has been filed; that the deputy commissioner shall make such investigation as he considers necessary in respect of the claim and, upon application of any interested party, shall order a hearing thereon; that, if a hearing is ordered, the deputy commissioner shall give the claimant and other interested parties at least 10 days' notice thereof and shall, within 20 days after such hearing is had, by order, reject the claim or make an award in respect thereof; that at such hearing the claimant and the employer may each present evidence in respect of such claim and may be represented by any person authorized in writing for such purpose; and that the order rejecting the claim or making the award (referred to in the act as a compensation order) shall be filed in the office of the deputy commissioner.

[2] Appellants called their libel a complaint. Appellees called it a bill of complaint.

[3] Rule 1 of our then existing Admiralty Rules provided: "An appeal from an interlocutory or final decree to the Circuit Court of Appeals shall be taken by filing in the office of the clerk of the District Court, and serving on the proctor of the adverse party a notice signed by the appellant or his proctor that the party appeals to the Circuit Court of Appeals from the decree complained of." Rule 1 of our present Admiralty Rules, effective June 18, 1937, provides: "Appeals in admiralty shall be taken in accordance with the statutes authorizing allowance of appeals."

with the notice of appeal, an assignment of errors and a bond for the costs of the appeal; and (3) by presenting the bond to the judge of the District Court and obtaining from him his written approval thereof. The notice was served on October 13, 1936. The notice, the assignment of errors, and the bond were filed on October 14, 1936, and the bond was on that date presented to and approved by the District Judge.

Appellees have moved to dismiss the appeal upon the ground that there was no allowance thereof. In support of their motion, they cite Alaska Packers Ass'n v. Pillsbury, 301 U.S. 174, 57 S.Ct. 682, 81 L.Ed. 988, decided April 26, 1937, wherein the Supreme Court, reversing our decision in 9 Cir., 78 F.2d 587, held that our then existing Admiralty Rule 1 was void, because in conflict with section 8(c) of the Act of February 13, 1925, 28 U.S.C.A. § 230, which provides:

"No * * * appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree."

In the cited case, a deputy commissioner of the United States Employees' Compensation Commission and a claimant to whom compensation had been awarded under the Longshoremen's and Harbor Workers' Compensation Act attempted to appeal from a decree setting aside the award. This they attempted to do simply by filing and serving a notice of appeal, as provided in our then existing Admiralty Rule 1. No bond was required of the deputy commissioner,[4] and none was filed by him. The claimant filed a bond, but it was not presented to or approved by the District Court or any judge thereof within three months after entry of the decree. There was, within the three-month period, no application for or allowance of the attempted appeal. It was accordingly held by the Supreme Court that the attempted appeal could not be entertained.

■ In the case at bar, appellants, within three months after entry of the decree, not only filed and served a notice of appeal, but also filed with the clerk and presented to the judge of the District Court a bond for the costs of the appeal and obtained from the judge his approval thereof. The bond recites that appellants are about to take an appeal to this court from the decree which the District Court entered in this cause on September 24, 1936.

There was, it is true, no formal order allowing the appeal. Such orders, though customary and proper are not indispensable. No statute prescribes the form or manner in which appeals to this court shall be allowed. In this case, we think the approval of the appeal bond was, in legal effect, an allowance of the appeal. Sage v. Central Railroad Co., 96 U.S. 712, 714, 24 L.Ed. 641; Draper v. Davis, 102 U.S. 370, 371, 26 L.Ed. 121; Brandies v. Cochrane, 105 U.S. 262, 26 L.Ed. 989; Brown v. McConnell, 124 U.S. 489, 491, 8 S.Ct. 559, 31 L.Ed. 495; Harkrader v. Wadley, 172 U.S. 148, 163, 19 S.Ct. 119, 43 L.Ed. 399; Alaska United Gold Mining Co. v. Keating, 9 Cir., 116 F. 561, 564; Standard Oil Co. v. Robins Dry Dock & Repair Co., 2 Cir., 32 F.2d 182, 183; Henderson County v. Wilkins, 4 Cir., 43 F.2d 670, 672; Louisville Trust Co. v. Stockton, 5 Cir., 72 F. 1, 2; Ross v. White, 6 Cir., 32 F.2d 750, 752; Chamberlain Transportation Co. v. South Pier Coal Co., 7 Cir., 126 F. 165, 166; Simpson v. First National Bank, 8 Cir., 129 F. 257, 259.

[2, 3] A further ground of appellees' motion is that "no citation has been issued within the statutory period." There is no statutory period for the issuance of citation on appeal. If a citation were necessary, it could be issued now, but it is not necessary. Such citation is not jurisdictional. Its only purpose is to give notice to the appellee, so that he may appear and be heard in the appellate court. Mitchell v. Lay, 9 Cir., 48 F.2d 79, 85; Nome & Sinook Co. v. Ames Mercantile Co., 9 Cir., 187 F. 928; Sutherland v. Pearce, 9 Cir., 186 F. 783, 787; Martin v. Burford, 9 Cir., 176 F. 554. That being its purpose, it may be waived. Nome & Sinook Co. v. Ames Mercantile Co., supra. Appellees waived citation by appearing generally in this court and filing their brief on the merits several months before filing their motion to dismiss.

The motion is denied.

Subdivision (a) of section 21 of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1436, 33 U.S.C.A. § 921(a), provides:

"A compensation order shall become effective when filed in the office of the deputy commissioner as provided in sec-

---

[4] Revised Statutes, § 1000, 28 U.S.C.A. § 869.

tion 19,[5] and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter."

Subdivision (b) provides:

"If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred. * * *"

■ Proceedings for the suspension or setting aside of the compensation order of June 27, 1935,[6] were never instituted. It is therefore, contended by appellants that said order became final on July 27, 1935; that, having once rejected the claim, the deputy commissioner had no jurisdiction to rehear the case or to issue a new compensation order therein; and that, consequently, the compensation order of August 19, 1935, is not in accordance with law, but is void and should be set aside.

There is, we think, no merit in appellants' contention. Section 22 of the act, as amended, 48 Stat. 807, § 5, 33 U.S.C.A. § 922, provides:

"Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, review a compensation case in accordance with the procedure prescribed in respect of claims in section 19,[7] and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation. * * *"

This was a compensation case, and the rehearing complained of by appellants was a review thereof. That this review was called a rehearing is unimportant. Such review was expressly authorized by section 22, supra. Section 22 does not, as claimed by appellants, limit such review to cases in which compensation has been awarded. On the contrary, it expressly provides that such review may be had, whether a compensation order has or has not been issued.

Nor is such review limited to cases in which compensation has been paid. The provision that such review may be had "at any time prior to one year after the date of the last payment of compensation" means just what it says. It does not say, nor does it mean, that there shall be no review until there has been a compensation payment. It precludes review after the expiration of the one year period therein specified, but it does not preclude review prior to such expiration. In this case, no compensation having been paid, the one year period had not commenced, much less had it expired, when the deputy commissioner reviewed the case. The review was timely and proper.

■ Other questions raised by appellants are (1) whether the evidence supports the trial court's determination that the employer was liable under section 7 of the act, as amended, 33 U.S.C.A. § 907, for medical expenses incurred by claimant, and (2) whether the evidence supports the trial court's determination that this proceeding was instituted without reasonable ground, and that, therefore, the costs thereof should be assessed against appellants, as provided in section 26 of the act, 33 U.S.C.A. § 926. As the evidence is not in the record, these questions cannot be considered.

Decree affirmed.

---

[5] See footnote 1.

[6] An order rejecting a claim for compensation is a compensation order. Longshoremen's and Harbor Workers' Compensation Act, §§ 19, 21, 33 U.S. C.A. §§ 919, 921.

[7] See footnote 1.