## TEXAS EMPLOYERS' INS. ASS'N v. SHEPPEARD.

### No. 427.

District Court, S. D. Texas, Houston Division.

April 9, 1938.

Royston & Rayzor and Robt. Eikel, Jr., all of Houston, Tex., for libelant.

Douglas W. McGregor, U. S. Atty., and Brian S. Odem, Asst. U. S. Atty., both of Houston, Tex., for respondent.

Erwin G. Thompson and Barksdale Stevens, both of Houston, Tex., for intervenor Bernard Bonato.

HUTCHESON, Circuit Judge.

By this proceeding, libellant tests for error the action of the Commissioner in reopening on the ground of mistake in a determination of fact by the Deputy Commissioner, and redetermining, a compensation award made to one Bernard Bonato. The objections to the reopening are two. One, that it was too late because more than one year had elapsed after the final payment of the first award. Two, that there was present neither of the statutory grounds for reopening. That it was not ever claimed that there was a change in conditions and the claim that there was a mistake in a determination of fact by the Deputy Commissioner was not well founded.

■ I think the proceeding was filed in time both because the award grew out of an informal claim, and continuing informally the Commissioner had had the matter under consideration for some time before the hearing went to testimony and the new order. A just informality which considers and gives effect to the rights of all parties is of the essence of proceedings under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Under the countenance of such informality, the reopening was begun in time. American Mutual Liability Ins. Co. v. Lowe, 3 Cir., 85 F.2d 625; Crescent Wharf & Warehouse Co. v. Pillsbury, 9 Cir., 93 F.2d 761. But for another reason, the claim of untimeliness fails. The statute in terms provides that the case may be reopened at any time prior to one year from the last payment. Because of a condition attached to it, the last payment was never made. The year for the reopening then did not commence to run. Compare Crescent Wharf & Warehouse Co. v. Pillsbury, supra; Travelers' Ins. Co. v. Kelly, 5 Cir., 87 F.2d 46, and cases cited.

■ On the merits, I think libellant has the right of it. A careful reading and consideration of the record on which the Commissioner acted demonstrates conclu-

sively I think that there was no mistake in a determination of fact by the Deputy Commissioner. He considered and gave the fullest effect to all of the evidence, finally making an award which exhibited a full understanding and appreciation of the evidence and of its effect. All that has occurred here is that an additional witness has been offered whose evidence furnishes the basis for a higher award. The statute does not say, it does not mean, that a compensation proceeding may be reopened whenever any party finds a witness who can testify more favorably for him than his other witnesses had done. It permits a reopening if there has been a change in conditions or a mistake in a determination of fact. These are clear conditions, simply expressed and easily understood. Unless one or the other of them appears, there may be no reopening. Neither appears here.

Let the libellant have its decree.