No.   A-CV-16-83

COURT OF APPEALS OF THE NAVAJO NATION

September 26, 1983

Bert and Susie WAUNEKA, Appellants,

vs.

Franklin NESWOOD, Appellee.

Gary  E.  Larance,  Esq.,  Window  Rock,  Navajo  Nation  (Arizona)  for
Appellants.  Eric  R.  Biggs,  Esq.,  Window  Rock,  Navajo  Nation  (Arizona)
for Appellee.

This  opinion  deals  with  the  meaning  of  the  requirement  that
appeal  papers  be  served  by  delivery  and  by  means  of  "personal  service
or  by  certified  mail."  6(a),  Rules  of  Appellate  Procedure.   The  facts  in
this  case  lead  to  the  determination  made  by  the  court.   The  notice  of
appeal  in  this  case  was  filed  on  July  5,  1983.   The  appeal  is  from  a
judgment  of  the  Window  Rock  District  Court  on  June  2,  1983.   The
certificate  of  service  on  the  notice  of  appeal  indicates  that  the  notice
was  "delivered"  to  opposing  counsel  on  July  5th.

The  file  also  contains  a  photocopy  of  an  envelope  addressed  to
Eric  Biggs,  dated  July  12,  1983.   The  envelope  was  apparently  one  for
first  class  mail,  since  there  is  a  20  cent  stamp  on  the  envelope.

The  appellee  has  moved  to  dismiss  the  appeal  on  the  ground  that
Rule  6(a)  was  not  satisfied.   There  was  a  subsequent  motion  to  amend
the  appeal  by  adding  a  certificate  of  service  showing  service  of  a  copy
of  the  appeal  papers  by  means  of  certified  mail  on  August  25,  1983.

Apparently  there  was  an  attempt  to  make  personal  service  upon
the  appellee's  counsel  on  July  5th,  but  he  was  not  in  his  office.   The
problem  is  that  even  if  Mr.  Biggs  was  not  in  his  office  at  DNA,  there
is  nothing  in  the  record  to  show  service  upon  him  by  leaving  a  copy  of
the  papers  with  his  secretary.   This  court  must  dismiss  actions  which
are  not  filed  within  the  statutory  period  because  it  is  jurisdictional.
However  the  court  will  have  to  look  at  the  substance  of  what  happens
when  looking  at  service  questions.  It  should  be  noted  that  the  courts
indicate  that  service  requirements  should  be  complied  with,  "although
minor  deviations  from  the  specified  procedure  will  not  necessarily  be
fatal  to  the  appeal."   4  Am.Jur.2d,  Appeal  and  Error  Sec.  320.   Some
courts  require  that  "personal  service"  rules  be  complied  with  by  actual
service  upon  the  person  to  receive  the  document,  while  others  have
upheld  service  on  a  guardian  or  at  a  place  of  residence.   See,  Tripp  v.
Santa  Rosa  Street  Railroad  Company,  144  U.S.  126  (1982);   "Service",
'Personal  Service',  Black's  Law  Dictionary,  p.  1534  (4th  Ed.  1968).

The rule is properly interpreted as indicating that service of appeal documents must be made on the same date as the appeal is filed, or if the filing is by mail, the appeal papers should be sent to the clerk of court and counsel at the same time. A service by first class mail is not a "minor deviation" from our role. "Personal Service" for the purposes of our rule will include personally delivering copies upon the individuals entitled to notice (the opposing party or his counsel) or leaving copies at the place of residence of the opposing parties or with the office secretary or staff person of counsel.

In this case there is no showing there was any attempt to either leave copies with the attorney for the appellee or to mail the papers to him by certified mail on the date they were filed. Therefore service was improper.

The court also notes that the proper date for the filing of the appeal was July 2nd, and not July 5th and that the jurisdictional requirement was not met.

Finally, certificates of service must show the precise method of service upon counsel or a party, and they must show the exact date of service.

Therefore this appeal is hereby DISMISSED.