BENSON v. CARRIER.

1. To sustain the judgment of an inferior court with limited jurisdiction, the proceedings must show everything necessary to give jurisdiction. This principle applies also to the transcript of a trial justice's judgment, when filed in the Court of Common Pleas.
2. If the omission of the name of the trial justice from the summons be an irregularity, it is cured by the written acceptance of service by the defendant.
3. Where more than twenty-five dollars is demanded by a trial justice's action, the defendant is entitled to twenty days' notice of trial; but where on less notice he voluntarily attends and goes to trial without objection, he is bound by the judgment then rendered against him.
4. This case distinguished from *Barron* v. *Dent,* 17 *S. C.,* 75.

Before PRESSLEY, J., Spartanburg, September, 1887.

The opinion states the case.

*Messrs. Melton & Barrett,* for appellant.

*Messrs. Duncan & Sanders,* contra.

February 22, 1888.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This action was brought to set aside a judgment and execution issued thereon.   The case was referred to J. R. Jennings, Esq., as referee, when it appeared that the judgment was originally obtained before W. S. Thomason, Esq., a trial justice, but that a "transcript" thereof had been regularly filed in the clerk's office of the Court of Common Pleas for Spartanburg County.   The ground urged for setting aside the judgment was that the trial justice, at the time he rendered the judgment, had not jurisdiction either of the subject-matter or of the person of the defendant.

From the judgment roll filed with the transcript, it appeared that the cause of action was a note for $65; that there was in the case a summons, bearing date February 11, 1882, in all respects regular in form, but that the trial justice had omitted to sign his name opposite the seal prepared for his signature.   This unsigned original summons, and the note sued on connected therewith, had

endorsed on the back of it the following: "On docket No. 64. The State of South Carolina. G. D. Carrier v. John D. Benson, trial justice. Summons. Trial day, February 18, 1882. Original. Due and legal service of a copy of the within accepted February 11, 1882. (Signed) John M. Benson. Judgment is rendered in favor of the plaintiff against the defendant in the sum of sixty-nine dollars and all costs. February , 1882. (Signed) W. S. Thomason, trial justice."

All this appeared from the judgment roll alone. But the defendant in addition offered (against objection) testimony tending to show that .W. S. Thomason, who rendered the judgment, is now out of office; that he turned over his book of cases tried to his successor, and it is now lost; that the omission to sign the original summons was a mere oversight on the part of the trial justice, who thought he had signed it; that the copy given to the defendant when he accepted service had the name of the trial justice attached, and that the time fixed for trial (less than 20 days) was appointed at the instance and for the convenience of the defendant himself, who admitted in writing "due and legal service of summons to appear" on that day; that he did so with his witnesses, and after a lengthy trial, and in his presence, judgment was rendered against him, from which he did not appeal.

The referee found as matters of fact: "1. That the defendant, Benson, accepted service voluntarily, and at his own instance the trial day was fixed. 2. That defendant, Benson, appeared for trial on the day fixed in the original summons with his witnesses, who were duly sworn, and was present when judgment was rendered against him. 3. That the trial justice acted upon the summons as if it had been regularly signed, and that the failure to sign the same was an oversight." And as matter of law, he found that the complaint should be dismissed.

Upon exceptions to this report, Judge Pressley confirmed it and dismissed the complaint. Whereupon the plaintiff appealed to this court, charging error on the grounds that it appeared from the proceedings before the trial justice that: 1. No summons was ever issued by the trial justice. 2. The summons was not served but seven days before the rendition of said judgment. 3. There was no voluntary appearance before the trial justice.

The rule is, that a judgment regular in form and rendered by a court of general jurisdiction, is final. All presumptions and intendments are in favor of the jurisdiction; and after a judgment has been entered, it is considered that it ought rather to be sustained than defeated. It will not be set aside for mere irregularities, in omitting to do something necessary for the due and orderly conduct of the cause, or in doing it in an unreasonable time or improper manner. In such case the court will not do more than afford that remedy which is obtained by writ of error in the English courts. *Mooney* v. *Welsh*, 1 *Mill Con. R.*, 133; *Garvin* v. *Garvin*, 21 *S. C.*, 89. But the rule is different as to the judgment of an inferior court, having limited jurisdiction, in which the proceedings must show everything necessary to give jurisdiction. *McCall* v. *Cohen*, 13 *S. C.*, 201; *Barron* v. *Dent*, 17 *Id.*, 75.

The judgment here was "transcripted" into the Court of Common Pleas under section 87 of the Code, which declares that "from that time the judgment shall be a judgment of the Circuit Court." But as the objection made goes to the very existence of the judgment, we will consider it still as simply the judgment of a trial justice court; and so considering it, we concur with the referee and Circuit Judge, that it was not made to appear that the trial justice was without jurisdiction at the time the judgment was rendered, but, on the contrary, that he had jurisdiction both of the subject-matter and of the person of the defendant.

We think that even without reference to the parol testimony, the proceedings show that the trial justice had jurisdiction of the subject-matter, which was a note of the defendant due the plaintiff for $65, upon which the judgment was rendered. Courts of trial justices are not courts of record, but their jurisdiction and summary modes of procedure are expressly defined in section 88 of the Code. See *Doty* v. *Duvall*, 19 *S. C.*, 146. In the different subdivisions of that section, it is declared that "the pleadings may be oral or in writing"—are "not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended"; "in an action founded on an account or instrument for the payment of money only, it shall be sufficient for a party to deliver the account or instrument

to the court, and to state that there is due to him thereon, from the adverse party, a specified sum which he claims," &c. It is not alone the summons which gives jurisdiction to a trial justice. If the omission of the name of the trial justice on the original summons was an irregularity of procedure, it was surely cured by the written acceptance of the defendant. See *Wicker* v. *Pope*, 6 *Rich.*, 368.

But it is urged that the trial justice never acquired jurisdiction of the person of the defendant; that the record shows that he accepted service on February 11, 1882, to appear seven days thereafter on February 18, which was an illegal summons, as the demand sued on was more than twenty-five dollars; and that, excluding the parol testimony, it must be presumed that the judgment on February 18 went by default, and being upon insufficient notice, was, and is, void.

It is true that subdivision 16 of section 88 of the Code declares that "where more than twenty-five dollars is demanded, the complaint shall be served on the defendant twenty days * * * before the day therein fixed for trial." This undoubtedly gave the defendant a right which, as he saw 'fit, he might or might not avail himself of. But we do not understand that this is a jurisdictional requirement in the sense that it may not be waived, and, whether demanded or not, the twenty days' notice *must be given*, on pain of having the whole proceeding set aside on some future day, at the option of the defendant. The record in the case shows that the defendant knew the time and place appointed for the trial, and being then in court by virtue of his acceptance of service, if he did not acquiesce, it was his duty to object; and not having done so, he must take the consequences. *Genobles* v. *West*, 23 *S. C.*, 166; *Waldrop* v. *Leonard*, 22 *Id.*, 120. The summons may be served by the "written admission of the defendant." *Code*, section 159. "From the time of the service of the summons in a civil action, the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings. A voluntary appearance of a defendant is equivalent to personal service of the summons upon him." *Code*, section 160. The summons was served by "the written admission of the defen-

dant on February 11," and jurisdiction was then acquired. *Free-man on Judgments*, section 126.

This case differs from that of *Barron* v. *Dent, supra*, in the important particular, that there the proceedings did not show that there had been legal service of the summons. Mr. Justice McIver, in delivering the opinion of the court, rested the judgment upon the ground that there was an "absence of any evidence that the summons had been served on the defendant, or that he had given a written admission of service."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.