8202

LOVE v. DORMAN.

1. Exceptions alleging error in reversing referee and in not confirming his report and dismissing the claim in question are too general.

2. Collateral Attack.—The transcript of a judgment in a magistrate court required by section 87 of the Code of Procedure to be filed in the Circuit Court to make it a judgment of that Court need not show the jurisdictional facts—that a summons was served, answer or demurrer made and trial had—and such judgment is not subject to collateral attack.

   *Barron* v. *Dent,* 17 S. C. 75, and *Benson* v. *Benson,* 28 S. C. 119, *distinguished from this case.*

Before Ernest Gary, J., Cherokee, November, 1911. Affirmed.

Action by W. P. Love *et al.* against Nannie J. Dorman *et al.* Plaintiffs appeal.

*Messrs. Butler & Hall,* for appellants, cite: Code of Proc. 87, 182; 23 Cyc. 1052; Code 1902, 993; 17 S. C. 75; 13 S. C. 200; 26 S. C. 119; 28 S. C. 121; 23 Cyc. 857, 1082; 10 Mich. 642; 51 Barb., *Stephens* v. *Vontee.*

*Mr. J. C. Otts,* for L. D. Childs, contra, cites: Code of Proc. 87; 8 Cow. 190, 232; Chev. 5; 13 S. C. 201; 17 S. C. 75; 28 S. C. 119; 39 S. C. 483; 88 N. W. 292; 80 N. W. 131; 51 N. Y. Supp. 384; 60 N. W. 153; 6 Blackf. 246; 29 App. Div. (N. Y.) 83. *As to collateral attack:* 31 Am. Dec. 478; 17 S. C. 75.

. May 4, 1912. The opinion of the Court was delivered by

MR. JUSTICE FRASER. Statement of facts:

"This was originally an action by the plaintiffs against the defendants, who were the heirs at law of Jas. G. Love, deceased, to partition the lands of the deceased. Under the decree of the Court, the lands were ordered to be sold for partition and division among the parties in interest. After the lands had been sold, and the proceeds partially paid out, claim was made by the attorney for L. D. Childs, the respondent herein, that he held two judgments which had been 'transcripted' to the Circuit Court from the magistrate court of J. R. Poole, magistrate, and that said judg-ments were liens on the proceeds in the hands of the clerk of court, Cherokee county. The clerk in his report to the presiding Judge, recited the above claim, and showed further that he had on hand the sum of $65.30 arising out of the proceeds of the first installment paid on the real estate sold by him and which was held subject to the validity of the claim of the said L. D. Childs' judgments. Thereupon, on motion of the attorney for the plaintiffs and other heirs at law of J. G. Love, deceased, against whom the said judgments were alleged to have been obtained, an order was

obtained from the Circuit Court, directing and requiring that the said L. D. Childs be made a party to the action, and that he file a pleading in the cause setting up his alleged rights under said judgments, with leave to the other parties to file such pleadings in reply as might be deemed proper, and in said order, it was referred. to the clerk of court to take testimony and to report on all issues of fact and law.

"Pursuant to this order, L. D. Childs filed an answer setting up said judgments, as shown by the record herein, to which the plaintiffs and heirs at law of J. G. Love filed a reply. Upon the issues so made, the clerk, after due notice held a reference and took such testimony as was offered and filed his report thereon, recommending that the claim of L. D. Childs be rejected, on the grounds set out in his report. To this report, the attorney for L. D. Childs filed exceptions. The matter came on to be heard before his Honor, Judge Ernest Gary, who reversed the report of the referee and ordered the sum of money in dispute to be paid to the said L. D. Childs, upon grounds stated in his order. From this order, the appellants gave due notice of appeal to the Supreme Court."

The order of his Honor, Judge Ernest Gary, is as follows:

"This matter comes before me on exceptions to the report of the referee, who found that it did not appear from the record that the magistrate who gave the original judgment had jurisdiction of the defendant. I hold that if the jurisdictional defects do not appear on the face of the record, the record cannot be attacked collaterally; and such defect, if there be, must be taken advantage of by direct proceeding. It does not appear from the transcript that the magistrate court was without jurisdiction, and I cannot hold in a collateral proceeding, in the absence of the original record, that jurisdiction was lacking."

The following is the transcript of judgment:

"Name of parties against whom judgments have been obtained: J. G. Love, . . . ·. . . . . . . . . ., ·Attorneys. Name of parties in favor of whom judgments have been .obtained: L. D. Childs; Wallace & Otts, Attorneys.

. "Damages and Costs. Amount of judgment: Principal, $37.50; Interest, $3.75; Costs, $1.65; Amount forward, $42.90; Amount brought forward, . . . . . . . . . . ; Total costs ‚and disbursements, . . . . . . . . . . Filed on the 17th· day of March, 1899. Filed in my office 17th March, at Sunnyside, S. C., 1890. I certify that the foregoing is a correct transcript from the docket of judgment kept in my office. J. Rufus Poole (Seal), · Magistrate. Judgment signed, sealed and enrolled July 27th, 1903. J. Eb. Jeffries, C. C. C. and G. S. (Seal of Clerk of Circuit Court, Cherokee ·County, South Carolina.) Judgement Roll No. 428."

From this order the appellants appealed because, it is said, his Honor, the Circuit Judge, erred in not holding that the judgments were void, because it failed to show: (a) That a summons and complaint were issued by the magistrate; (b) That they were served on J. G. Love; (c) That the action was brought in the county in which J. G. Love resided at the time of the commencement of the action; (d) That J. G. Love answered, demurred or served notice of appearance, or in any way submitted himself to the jurisdiction of the magistrate's court, or (e) That a trial was ever had.

· 2. That the Circuit Judge erred in holding that the transcript could not be attacked in a collateral proceeding.

3. In sustaining the alleged judgments in that section 182 of the Code of Civil Procedure requires, that where pleadings set up the judgment of the Court of special or limited jurisdiction and the same is controverted, the party pleading shall be bound on the trial to establish all facts conferring jurisdiction, and that the same was not done in this case.

4. That the Circuit Judge, for the reasons hereinabove given, erred in reversing the referee, but should have confirmed said report and dismissed the claim of the said L. D. Childs, the respondent therein.

1.        The fourth exception is too general for consideration.

All the other exceptions raise but a single point, and that is whether it is necessary for the transcript of judgment to show jurisdictional facts or not.

Section 87, Code of Civil Procedure, provides: "A magistrate, on the demand of a party in whose favor he shall have rendered a judgment, shall give a transcript thereof which may be filed and docketed in the office of the Circuit Court of the county where the judgment was rendered. The time of the receipt of the transcript by the clerk shall be noted thereon and entered in the abstract of judgments, and from that time the judgment shall be a judgment of the Circuit Court."

It will be observed, that the thing to be filed in the Circuit Court is a "transcript thereof." That is a transcript of the judgment. It does not require the filing of the original papers in the cause, but simply a transcript of the judgment. The summons, complaint, answer, proof of service and proceedings while the basis of the judgment, are not the judgment.

It may have been wise if the legislature had required the filing of the original papers, but the statute does not require it, and this Court has no power to amend the statute, however desirable or wise such an amendment may be.

The transcript, when filed "shall be a judgment of the Circuit Court," which is a court of record and general jurisdiction and takes equal rank, or rather is a judgment of the Circuit Court, and as long as it continues to be a judgment of the Circuit Court, must be treated as other judgments of the Circuit Court are treated.

It cannot be attacked collaterally, but only in a direct proceeding in the cause, this is by motion in the cause to set it aside.

The cases of *Barron* v. *Dent*, 17 S. C. 75, and *Benson* v. *Carrier*, 28 S. C. 119, 5 S. E. 272, were cases in which the original papers were filed, instead of a transcript, and they are not authority here.

The recent case of *New York Life Insurance Company* v. *Mobley*, 90 S. C. 532, is full authority for the position that judgment of the Circuit Court can only be attacked in a direct proceeding, issued for that purpose, when the jurisdictional defect does not appear upon the face thereof.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed and the appeal herein dismissed.