9425

YOUNG v. BRABHAM *ET AL.*

(89 S. E. 472.)

1. APPEAL AND ERROR—RECORD—SUFFICIENCY TO SUPPORT OBJECTIONS.—Where verbal rulings excepted to do not appear in the record outside of the exceptions, they cannot be considered on appeal.

2. APPEAL AND ERROR — PRESUMPTION — REGULARITY OF JUDICIAL PROCEEDINGS.—All presumptions are in favor of the regularity of the proceedings of a Court of record and general jurisdiction, and irregularities must be shown.

3. APPEAL AND ERROR—RESERVATION OF OBJECTIONS—SPECIFICATION,—Where record showed that defendant's attorney was present and objected to a hearing upon master's report in foreclosure, but did not show any objection to terms of sale or that decree was not made in open Court, no objection to terms of sale can be considered on appeal since an objection to the hearing of a cause does not note an exception to everything done in the course of the trial.

Before DeVore, J., Barnwell, December, 1915. Affirmed.

Action for foreclosure by W. J. Young against B. L. Brabham and others. From a decree in favor of plaintiff, the defendants appeal.

*Messrs. James M. Patterson* and *James A. Willis,* for appellants, cite: *Order of reference was appealable:* 73 S. C. 227. *Notice of reference:* 12 S. C. 561. *Opportunity to except to master's report:* 36 S. C. 26; 43 S. C. 103; Code Civil Proc., sec. 332; Rule Circuit Court 30.

*Mr. Thos. M. Boulware,* for respondent, cites: *As to discretion of trial Court:* Code Civil Proc., sec. 331. *Notice of motion: Id.,* sec. 451. *Sales day:* Civil Code, sec. 3702.

June 30, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action to foreclose a mortgage. The defendants' answer was a general denial. The exceptions complain of the proceedings before the master and the final decree.

The plaintiff's attorney gave a notice of a motion for an order of reference to be made before Judge DeVore. The motion was granted. That order reads:

"On motion of plaintiff's attorney and on hearing by letter Jas. M. Patterson, Esq., attorney for the defendants, it is ordered: That the above entitled cause be, and the same is hereby, referred to the master for Barnwell county, to take the testimony herein and report the same to this Court forthwith."

FOOTNOTE.—Exceptions to rulings, 8 L. R. A. 608; purpose and effect of exceptions, 12 L. R. A. 554.

This order is dated November 9, 1915, at chambers.   The record shows that "no notice of the filing of any order of reference having been served on defendants, or their attorney, James M. Patterson, who resided at Allendale, the defendants by their said attorney served the following notice on plaintiff's attorney on November 29, 1915."

Then follows a notice of motion on December 6, 1915, to refer issues to the master and signed by defendants' attorney.

"The Court of Common Pleas for Barnwell opened November 24, 1915.   On hearing of defendants' motion for a reference, plaintiff's attorney called up the case on the master's report of the testimony and moved for a hearing of the case on its merits."

The master's report contained the following:

."Pursuant to the order of reference herein, signed by his Honor, Judge J. W. DeVore, and dated November 9, 1915, I sent Thos. M. Boulware, Esq., a notice in writing fixing the date of reference for today, November 17, 1915, and at the same time I sent out a notice in writing to Mr. Jas. M. Patterson, attorney for the defendants, fixing today as the time I would hold a reference herein, but by mistake I named the cause as *Young* v. *Allen,* and, thus stated, I mailed out to Mr. Patterson my said notice, and on finding out my mistake I prepared a new notice in writing, and mailed same to Mr. Patterson, and in said new notice, I named the cause *'Young* v. *Brabham et al.,'* and, according to my recollection, I wrote at the bottom of the said new notice that by mistake I had named the wrong cause, and this notice was to take the place of the one sent in *Young* v. *Brabham et al.*   On this morning, November 17, 1915, Mr. Patterson called me up over the long distance telephone, and stated to me he was not coming to Barnwell today, to attend the reference therein, and on my asking him why he would not be present he stated that because he had not received a

legal notice for reference, and I then asked if he wanted me to make such an indorsement on the record, when he said, 'Yes.'

"The Court refused defendant's motion for a reference and heard the case on its merits over defendants' objection."

The decree is an ordinary decree of foreclosure. From this decree the defendant appealed.

1. The first and second exceptions will be considered together because the same defect is fatal to both.

"(1) The Court erred in holding and deciding that the filing of an order of reference was sufficient notice of reference and the defendants should have attended; the error being that this order of reference having been granted at chambers in a county other than the county in which the cause was pending, and defendants having no knowledge of the granting of the order, were entitled to the notice of the granting and filing of the order of reference, so they would be advised of the scope of the order, and meet the requirements of the same.

"(2) That the presiding Judge committed error of law in holding that the master's notice by mail, naming a day of reference, was sufficient notice of the filing of an order of reference and the requirements thereof; the error being that the master's notice of reference was not the notice required by law to be given and did not disclose the scope of the order, nor give time to ascertain the scope of the order and then attend the reference."

It is entirely probable that his Honor made the verbal rulings therein complained of, but the rulings do not appear in the record outside of the exceptions. This Court cannot consider exceptions where the facts complained of appear only in the exceptions. The letter of defendants' attorney may have consented to the order of reference. It is only an inference that it did not consent. We cannot infer facts upon which to base an error.

2. "(3) That a notice of reference to be held at the master's office is governed and controlled by section 450 of the Code of Civil Procedure, and when served on the attorneys residing at points other than the court-house, or place of reference, by mail, requires double time, and the Court committed error of law in not so holding.

"(4) That the report of the master or referee must be filed in the office of the clerk at least 10 days, and notice of such filing be given the parties or their attorneys, before the cause will be called for trial; and the above requirements not having been complied with in this case, the Court committed error of law in hearing said cause over defendants' objection and rendering judgment thereon.

"(5) That a cause is not properly on calendar for trial unless the issues are made up at least before Court convenes, and, this being a reference to take testimony, the issues were not properly made up until the report was filed and the defendants notified thereof, and the Court erred in not so holding."

These exceptions cannot be sustained. The order of reference said "forthwith." It does not appear that the first and second notices were not mailed the same day and on the day on which the order was signed. The Court of Common Pleas being a Court of record and of general jurisdiction, all presumptions are in favor of the regularity of its proceedings and irregularities must be shown. The issues are made then by the complaint and answer.

3. "(7) That the Court erred in granting a judgment in foreclosure, providing that the master should sell the property consisting of farm lands on sales day in January or any convenient subsequent sales day thereafter named by plaintiff's attorney; the error being it is against the policy of the law to sell farm lands between January and October, and this order placed it in the power of plain-

tiff's attorney to sell on any sales day he might claim after January if he should so desire."

The record shows that the defendants' attorney was present at the hearing. While the record shows that the defendant objected to the hearing, it does not show that there was any objection to the terms of sale. So far as the record shows, the decree was made in open Court.' An objection to the hearing of a cause does not note an exception to everything done in the course of the trial. Fixing the day of sale was within the discretion of the trial Judge, and it must appear that objection was made at the trial.

The judgment is affirmed.