## 10256

BARNES *ET AL.* v. LEEVY *ET AL.*

(100 S. E. 169.)

1. WASTE—CONTINGENT REMAINDERMEN MAY ENJOIN WASTE.—Contingent remaindermen may bring action to enjoin waste.

2. PLEADING—DEMURRER ADMITS FACTS ALLEGED.—Demurrer to complaint admits facts alleged therein.

3. APPEAL AND ERROR—PRESUMPTION THAT JUDGMENT ROLL OF FORMER ACTION SHOWS SERVICE.—On appeal from order sustaining demurrer to complaint on ground that the proceeding was a collateral attack on a judgment, Court will assume, unless the contrary appears in the record, that the facts set forth in the judgment roll of former action do not show affirmatively that the plaintiffs were not served in such action.

4. JUDGMENT—WHEN ACTION IS COLLATERAL ATTACK ON FORMER JUDGMENT.—Action by alleged remaindermen against defendants, claiming under purchasers at foreclosure sale under mortgage from life tenant, to enjoin waste, where complaint alleged invalidity of foreclosure sale judgment because remaindermen were not served, was a collateral attack on such judgment, where judgment roll did not affirmatively show remaindermen were not served.

5. JUDGMENT—WHEN JURISDICTIONAL DEFECT APPEARS ON RECORD JUDGMENT IS VOID.—When the jurisdictional defect does not appear on the face of the proceedings, the judgment is voidable only, and the remedy is by a motion in the cause; but, where defect appears on the face of the proceedings, the judgment is void and may be disregarded.

6. COURTS—WHEN DECISION OF SUPREME COURT CONCLUSIVE AS STARE DECISIS.—Decision of Supreme Court upholding validity of service on remaindermen in mortgage foreclosure action, and upholding title of foreclosure sale purchasers, if not *res adjudicata* in remaindermen's subsequent action to enjoin waste, is conclusive on them under doctrine of *stare decisis*.

Before MEMMINGER, J., Kershaw, Spring term, 1918. Affirmed.

Action by Henry C. Barnes and others against Mary Leevy and others. From an order sustaining demurrers to the complaint, plaintiffs appeal.

*Messrs. J. Fraser Lyon* and *David E. Anthony,* for appellants, cite: *As to right of contingent remaindermen to maintain action for an injunction against future waste of property, and for an accounting for waste already committed:* 25 S. C. 162; Pomeroy's Equity Jurisprudence, vol. V, p. 815; 1 S. C. 179; Lewin on Trusts, 728; 8 Rich. Eq. 269; 9 Rich. 184 (note) ; 113 Ga. 762; 39 S. E. 339; 36 Ga. 97; 18 Ga. 545; 53 Ga. 226; 78 S. E. 447. *This is not a collateral attack upon the judgment of the Court below in the foreclosure action of 1880:* 60 S. E. 928; 79 S. E. 316; 66 S. C. 155; 22 S. C. 323; 108 S. C. 1; 35 S. C. 391; 56 S. C. 96. *Appellants were necessary and indispensable parties to the action of 1880:* U. S. Constitution, 14th Amendment; State Const. 1895, article I, sec. 5; 111 U. S. 701; 108 U. S. 51; 169 U. S. 391.

*Messrs. Nelson & Gettys,* for respondent, Mary E. Leevy, submit: *That under the proceedings of George Barnes and his wife, Sarah Barnes, commenced July 31, 1875, against their children in esse and others, leave to mortgage the property was granted and appellants were not necessary to the action of 1880:* 108 S. C. 1. *Mary Leevy is now the owner of the fee simple title to the tract of 440 acres:* 108 S. C. 1.

*Messrs. Kirkland & Kirkland,* for respondent, Grover C. Kirkland, administrator, etc., and *Mr. L. A. Witkowsky,* for respondents, William Godfrey and J. W. Maynard, operating under the firm name of Wm. Godfrey & Co. and Acme Lumber Company, cite: *As to the contingent remaindermen having no right to prosecute this action for damages and injunction for alleged waste by cutting of timber:* 25 S. C. 162; 241 Ill. 512; 25 L. R. A. (N. S.) 887. *As to collateral attack upon the judgment for foreclosure of 1880:* 77 S. C. 393; 59 S. C. 209; 106 S. C. 486; 108 Ky. 261, cited in L. R. A. 1915c, 581; 15 R. C. L. (judgments), sec. 373: *The Barnes children were bound by the decree and sale*

*in the foreclosure case of 1880:* 108 S. C. 1.  *The appellants
were not deprived of their property without due process of
law:* 83 Ga. 727.

August 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

George Stafford died leaving his will, wherein he devised
a tract of land to his daughter, Sarah Cook, for life, with
remainder to his granddaughter, Sarah Cook, for life, with
remainder over "to the children of my said granddaughter
who may be living at the time of her decease, to them and
their heirs forever." The granddaughter, Sarah Cook,
married George W. Barnes.  Mr. and Mrs. Barnes, seeking
to increase their income from this land, applied to the Court
for permission to mortgage this land in the sum of $3,000.
To this proceeding the children then in being were made
parties.  Permission was given, the mortgage was made,
and, as might have been expected, was not paid.  An action
was brought to foreclose the mortgage, to which only Mr.
and Mrs. Barnes were made parties.  It seems that the
Court refused to decree foreclosure unless the children then
living who were minors were made parties defendant.  The
complaint alleges that they were not served with the sum-
mons and were not made parties.  The land was sold, and
is now claimed by the defendants.  Mrs. Sarah Barnes is
still alive.

This action is brought by the plaintiffs as contingent
remaindermen for damages for waste and to enjoin future
waste.

The defendants demurred to the complaint, and the
demurrer was sustained upon three grounds: They will be
considered in their order.

1. "Contingent remaindermen are not entitled to any
action for waste, damages, nor injunction.  See *Pearson v.
Yongue,* 25 S. C. 162."

*Pearson v. Yongue* does not sustain the finding, for at page 167, of 25 S. C., we find:

"It may be said that unless these plaintiffs are entitled to an action, that here is a case, especially as to the commission of waste by the defendant, of a wrong without a remedy. We think not. It is not for this Court to suggest proper proceedings in any case, but we may venture to say that there is a remedy within reach, wherein all questions raised here could be brought within the jurisdiction of the Court, and its full judgment invoked and obtained."

*Pearson v. Yongue* was an action to establish the rights of contingent remaindermen and for damages for waste. This action includes an injunction to stay waste, and is not within the case of *Pearson v. Yongue*.

The case of *Carson v. Kennerly,* 8 Rich. Eq. 259, shows that this holding cannot be sustained.

2. "This proceeding is a collateral attack upon a judgment of this Court, which is not permissible. *Kaylor v. Hiller,* 77 S. C. 393 (58 S. E. 2); *Rice v. Bamberg,* 59 S. C. 498 (38 S. E. 200)."

This is a demurrer, and admits the facts set forth in the complaint. Even if the complaint, as set forth in the record, be held to allege that the judgment roll shows affirmatively that the plaintiffs were not served, yet that statement is a conclusion of fact. The judgment roll was made a part of the complaint, and the judgment is not the record.

We must, therefore, assume, unless the contrary appears in the record, that the facts set forth in the judgment roll do not show affirmatively that the plaintiffs were not served.

If the judgment roll does not show affirmatively that the plaintiffs were not served, then this action is a collateral attack.

In *Love v. Domain,* 91 S. C. 389, 74 S. E. 830, we find:

"The recent case of *New York Life Insurance Company v. Mobley,* 90 S. C. 532 (73 S. E. 1032), is full authority for the position that judgment of the Circuit Court can only be attacked in a direct proceeding issued for that purpose when the jurisdictional defect does not appear upon the face thereof."

When the jurisdictional defect does not appear on the face of the proceedings, the judgment is voidable only, and the remedy is by a motion in the cause.

When the jurisdictional defect appears on the face of the proceedings, the judgment is void, and may be disregarded.

This holding is sustained.

3. "In the case of *Barfield v. Barnes,* 108 S. C., page 1 (93 S. E. 425), the decision of the Supreme Court is entirely pertinent and conclusive against plaintiffs herein, wherein the title to the land rests upon precisely the same grounds. The demurrer sustained, and complaint dismissed."

The case of *Barfield v. Barnes* may not be *res adjudicata,* but the holding of the Circuit Judge must be sustained under the doctrine of *stare decisis.*

The judgment is affirmed.