## 11544

### BAKER v. BREWER

(123 S. E., 771)

JUDGMENT—RELIEF FROM JUDGMENT IS BY MOTION IN ORIGINAL CASE, AND NOT SEPARATE ACTION.—In order to get relief from a judgment a separate action cannot be sustained, the remedy, if any, being by motion in the original case.

Before J. M. NICKLES, SPECIAL JUDGE, Chesterfield, 1924. Order reversed.

Action by G. W. Baker against I. J. Brewer. From an order of injunction defendant appeals.

*Messrs. Pegues & Murray,* for appellant, cite: *Collateral attack on judgment:* 90 S. C., 552; 91 S. C., 384. *Granting of injunction was error:* 96 S. C., 418. *Res adjudicata:* 118 S. C., 470; 77 S. C., 508. *Separate action improper where all defenses could have been pleaded in original action:* 87 S. C., 127; 77 S. C., 508.

Mr. George K. Laney for respondent.

July 16, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

"The case at bar is a suit in which it is prayed that certain notes be delivered up and canceled, that a judgment obtained by defendant against plaintiff be set aside and be declared of no effect, and for an injunction restraining the Sheriff of Chesterfield County from levying under execution issued on said judgment.

"The judgment sought to be set aside and declared of no effect is of record in the office of the Clerk of Court of Chesterfield County as judgment roll 6087, the title of which is I. J. Brewer, plaintiff, against G. W. Baker, defendant. Said judgment was obtained on a note, which was one of two notes given as the consideration for a bond for title covering certain real estate. The case was tried before Judge S. W. G. Shipp and a jury, and, after all the evidence was in, the trial Judge held that the bond for title being the written contract between the parties, its terms could not be varied by parol, and ruled out testimony attempted to be introduced by the defendant, Baker, as to an alleged parol agreement as to his being allowed to pay rent for the premises in case he did not wish to comply with the terms of the bond, and directed a verdict for the plaintiff' (who is

the defendant in the case at bar). No motion for a new trial was made. Notice of intention to appeal to the Supreme Court was served, but subsequently the attorneys for defendant (plaintiff-respondent here), notified the attorneys for plaintiff (defendant-appellant here), that said appeal was abandoned. No motion was made to reopen said judgment.

"In the case at bar, motion was made before his Honor, Special Judge J. M. Nickles, for an injunction restraining the Sheriff of Chesterfield County from levying under execution in the case of *I. J. Brewer v. G. W. Baker,* until the case at bar (*G. W. Baker v. I. J. Brewer*), could be heard on the merits. After hearing counsel, his Honor, the special Judge, granted the order for the temporary injunction. From order of injunction, the defendant appeals.

The following is the order of injunction:

"The order of injunction granted by his Honor, the special Judge, omitting the caption, is as follows:

" 'Upon hearing the motion in the above-stated case for a restraining order as set out in the complaint, it is ordered, upon motion of G. K. Laney, attorney for the plaintiff, that the Sheriff of Chesterfield County be, and he is hereby, restrained from enforcing the execution now in his hands against the plaintiff until the further order of this Court.

" 'It is further ordered that the plaintiff enter into a bond to the defendant in the sum of two hundred and fifty dollars ($250), with sufficient surety before the Clerk of Court of Common Pleas, in accordance with the provisions of law as contained in Section 486 (§ 6) of the Code of Laws of 1922, vol. 1. J. M. Nickles, Special Presiding Judge at Chesterfield, S. C.' "

This action involves two demands, to wit, to cancel a note, and to open a judgment. The order of injunction is based upon the second demand. The order cannot be sustained, for the reason that, in order to get relief from a judgment,

a separate action cannot be sustained. The remedy, if any, is a motion in the original case.

See *New York Life Insurance Co. v. Mobley,* 90 S. C., 552; 73 S. E., 1032. *Love v. Dorman,* 91 S. C., 389; 74 S. E., 829. *Barnes et al. v. Leevy et al.,* 112 S. C., 426; 100 S. E., 169.

The order is reversed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.