A89A0646. WILSON et al. v. WICKES-HOMECRAFTERS, INC.
(382 SE2d 194)

SOGNIER, Judge.

Wickes-Homecrafters, Inc. brought suit against Patricia Diane Gruber and Michael P. Wilson, both individually and d/b/a Greater South & Co., to recover a sum owed on account. Wilson and Gruber each filed a pro se answer. Default judgment was entered and subsequently vacated. Thereafter, Wickes voluntarily dismissed its action against Gruber and moved for summary judgment against Wilson, which was granted in the amount of $3,069.87 (which included principal, interest, and attorney fees) plus court costs. Wilson appeals.

1. In three separate enumerations, appellant contends the trial court erred by granting summary judgment to appellee because the record did not support appellee's claim that appellant was personally liable, that he had any connection with Greater South & Co., or that the amount actually owed was the amount claimed in the complaint. However, the record reveals that the complaint, which was brought against appellant both individually and doing business as Greater South, alleged that appellant was liable in the amount sought, and appellant did not deny this averment. OCGA § 9-11-8 (d) provides that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Further, in support of its motion for summary judgment appellee submitted the affidavit of Stan Smith, its assistant vice president, who averred based on business records and on personal knowledge that appellant was liable and

that the amount owed was $2,155.97. No response was filed by appellant to appellee's motion for summary judgment. "When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial. See OCGA § 9-11-56 (e) . . . [Cits.]" *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562, 566-567 (307 SE2d 99) (1983). No such specific facts having been presented by appellant here, the trial court did not err by granting summary judgment in favor of appellee. Id.

2. Appellant also asserts the trial court erred by granting summary judgment in favor of appellee because appellant was not served with the motion for summary judgment, which was served upon his attorney of record pursuant to OCGA § 9-11-5 (b). Appellant argues that his attorney had withdrawn from representation prior to service of the motion. However, the record shows that no motion or order for withdrawal pursuant to Uniform State Court Rule 4.3 was ever filed or entered. Thus, because appellant's attorney was still attorney of record, the motion was properly served upon her.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 5, 1989.

Michael P. Wilson, *pro se.*

Stokes, Lazarue & Carmichael, Marion B. Stokes III, Karl M. Terrell, for appellee.