24428

Ex parte W. Paul CULBERTSON, Respondent v. Stacey Cox CLEMENS and Adam Fisher, Jr., Appellants. In re Stacey Cox Clemens, Plaintiff v. David CLEMENS, Jr., Defendant.

(471 S.E. (2d) 163)

Supreme Court

---

*Adam Fisher, Jr.*, Greenville, *for appellants.*

*W. Paul Culbertson,* of *Culbertson, Whitesides, Turner & Able,* Laurens, *for respondent.*

Heard Mar. 5, 1996.

Decided May 20, 1996.

WALLER, Justice:

Appellants Stacey Cox Clemens and Adam Fisher, Jr. are appealing an award of sanctions against them arising out of a divorce action. We agree with Appellants that the award of sanctions was improper and reverse.

## FACTS

On June 11, 1993, Stacey Cox Clemens filed suit against her husband, David Clemens, Jr., seeking a divorce. The suit was filed in Laurens County. On June 18, 1993, Mr. Clemens filed a motion to change venue. Respondent W. Paul Culbertson

signed the motion as Mr. Clemen's attorney. The motion was granted after a hearing at which Respondent and Mr. Clemens appeared, and venue was moved to Richland County on June 26, 1993.

Sometime in August of 1993, Fisher filed a notice of appearance with the Richland County Clerk of Court stating he was Mrs. Clemen's attorney.[1] When Fisher contacted Respondent about the case, Respondent informed him he was not representing Mr. Clemens in the divorce action. He explained that upon the request of Sumter County attorney Edwin Irving, Respondent had agreed to represent Mr. Clemens only for the purpose of having venue moved to Richland County. Respondent met with Mr. Clemens shortly before and after the motion was heard, and had not seen him since. It was Respondent's understanding that Irving would represent Mr. Clemens in the divorce action. However, Mr. Clemens failed to keep two appointments made with Irving after venue was changed.[2] Thus, Irving did not think he was representing Mr. Clemens either. When Respondent received notice of a merits hearing regarding the divorce action, he filed a motion on November 19, 1993 to withdraw as attorney of record for Mr. Clemens.

By order dated February 7, 1994 a family court judge relieved Respondent of representation of Mr. Clemens as of June 26, 1993 (the date of the order changing venue). The order retained jurisdiction to determine whether Appellants should be sanctioned, including a reasonable attorney's fee. After a hearing, the judge awarded Respondent $800 in sanctions in a second order dated July 19, 1994. When Appellants moved for a rehearing, Respondent moved to alter or amend the order to provide for additional sanctions. After a rehearing, the February 7 and July 18 orders were reaffirmed and the sanctions award was increased to $1599.52 in a third order dated January 17, 1995.

## ISSUES

I. Is the February 7, 1994 order subject to appellate review?

---

[1] Mr. Fisher was not the attorney who filed the complaint in Laurens County.

[2] Subsequent to this, Mr. Clemens separated from his service in the Air Force and moved to parts unknown.

II. Should Appellants have been sanctioned for treating Respondent as the attorney of record until a court order allowing withdrawal was procured?

## DISCUSSION

### I. *February 7, 1994 Order*

Respondent initially argues that because Appellants did not immediately appeal the February 7 order, it is not subject to current review.[3] We disagree.

As a general rule, only final judgments are appealable. *Bolding v. Bolding*, 283 S.C. 501, 323 S.E. (2d) 535 (Ct. App. 1984). "Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory [and not final]." *Mid-State Distribs. Inc. v. Century Importers, Inc.*, 310 S.C. 330, 426 S.E. (2d) 777 (1993). Clearly the February 7 order did not constitute a final judgment.

A divorce was granted on August 5, 1994. While normally this order would constitute the final judgment, at that time the sanctions issue was still pending against Appellants. Thus, the rights of the parties had not been completely determined until January 17, 1995, when the judge gave his final sanctions order. *See* S.C. Code Ann. § 14-3-330(2)(a) (1977 & Supp. 1995) ("if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from").

### II. *Sanctions*

In the July 18 order, the judge awarded Respondent an attorney's fee due to Fisher's requiring him "to go to such lengths to insure that he was protected from being labeled as the defendant's attorney." He found Rule 11(b), SCRCP, which requires a court order before counsel may be changed,[4] inapplicable because Respondent did not

---

[3] Appellants' notice of appeal, served on March 9, 1995, stated they received the January 17, 1995 order (the third and final order) on February 14, 1995. Thus they clearly appealed within thirty days of receipt of this last order, in compliance with Rule 203, SCACR.

[4] Specifically, the rule reads: "An attorney may be changed by consent, or upon cause shown, and upon such terms as shall be just, upon application, by order of the Court, and not otherwise."

have an attorney-client relationship with Mr. Clemens.

A trial court's ruling on sanctions will not be disturbed absent a clear abuse of discretion. An abuse of discretion may be found where the trial judge's conclusion had no reasonable factual support, resulted in prejudice to the right of appellant, and therefore amount to an error of law. *Johnson v. Dailey,* — S.C. —, 457 S.E. (2d) 613 (1995). We find the judge abused his discretion because he erred as a matter of law in finding Rule 11(b) inapplicable to this situation.

In his motion to be relieved as counsel, Respondent admitted he was employed to represent Mr. Clemens (though only for a limited purpose). Undoubtedly there was an attorney-client relationship between the two. The question is whether Rule 11(b)'s requirements should be limited by whatever contract exists between the attorney and client. We have already answered this question in the negative in other contexts. For example, we held that even though an attorney may be contractually employed only for trial purposes and is effectively withdrawn when the trial ends, that attorney must continue to represent a nonindigent defendant until relieved by the court. *In the Matter of an Anonymous Member of the Bar,* 303 S.C. 306, 400 S.E. (2d) 483 (1991). *See also In re Corbett,* 145 B.R. 332 (Bankr. M.D. Fla. 1992) (finding counsel was required to represent debtors, in spite of "association" agreement with other attorney only to appear for debtors at the first meeting of creditors, because no formal order of withdrawal was obtained).

While we have not had occasion to address a situation such as that now before us, other jurisdictions have held that once an attorney enters a formal appearance on the court record, court permission to withdraw is required. A formal appearance may consist of filing a pleading. *See Smith v. Bryant,* 264 N.C. 208, 141 S.E. (2d) 303 (1965). *See also Farkas v. Sadler,* 119 R.I. 35, 375 A. (2d) 960 (1977); *Bostock v. Brown,* 198 Wash. 288, 88 P. (2d) 445 (1939). "Independent of his obligations to his client, an attorney, having accepted employment by a defendant and having represented him before the court, is obligated *to the court* to continue to do so unless and until, after notice to the client, the court permits him to withdraw. . . . *If employment is accepted for a specific limited purpose, the facts in connection therewith should be fully dis-*

*closed (preferably in writing) to the court." State v. Crump,*
277 N.C. 573, 178 S.E. (2d) 366, 377 (1971) (emphasis added).
*See also People v. Bouchard,* 49 Cal. (2d) 438, 317 P. (2d) 971
(1975) (en banc); *Wilson v. Wickes-Homecrafters, Inc.,* 191 Ga.
App. 474, 382 S.E. (2d) 194 (1989). "An attorney once appear-
ing continues to appear for all purposes until the judgment is
satisfied, unless he retires in the meantime by leave of court,
and *so long as his name continues to appear there, the adverse
party has the right to treat him as the authorized attorney."*
*Weddington v. Weddington,* 243 N.C. 702, 92 S.E. (2d) 71, 73
(1956) (emphasis added). *See also Tripp v. Santa Rosa St. R.
Co.,* 144 U.S. 126, 12 S.Ct. 655, 36 L.Ed. 371 (1982); *Hess v.
Tyszko,* 46 A.D. (2d) 980, 362 N.Y.S. (2d) 287, 289 (1974)
("Until an attorney of record is discharged in the manner pro-
vided by law . . . the attorney represents the party, service of
papers upon the attorney is service upon the party, and, as to
adverse parties, the authority of the attorney of record con-
tinues unabated").

In all actions, it is of vital importance, not only to the par-
ties involved but to the court as well, that the correct attor-
neys are listed as the attorneys of record. The best way to
achieve this is by strict adherence to rule 11(b), which was de-
signed to eliminate any confusion regarding which attorneys
are representing parties by requiring that any changes be
made by application to the court. The instant case highlights
why such adherence is necessary. Under the circumstances
here present, it was improper for the family court judge to
sanction Appellants for Respondent's failure to comply with
the rules of court.[5]

## CONCLUSION

We hold first that the February 7, 1994 order was not final
and Appellants were not required to immediately appeal it to
preserve appellate review. We further hold Fisher was enti-
tled to treat Respondent as the attorney of record for Mr.
Clemens until the February 7, 1994 order. We thus reverse
the family court judge's orders to the extent they impose
sanctions against Appellants.

---

[5] Culbertson has moved for additional sanctions pursuant to Rule 240,
SCACR. In light of our holding, that we do not find this appeal "frivolous or
taken solely for the purposes of delay" should be obvious.

Reversed.

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.