514 S.E.2d 599

**Ex Parte J.P. STROM, Jr., Respondent.**

**Collins Entertainment Corp., Appellant,**

v.

**Columbia "20" Truck Stop, Inc., d/b/a Columbia "20" Truck Stop, Vern Adkins and Union Oil Company of California, Respondents.**

No. 2954.

Court of Appeals of South Carolina.

Heard Nov. 4, 1998.

Decided March 8, 1999.

606

O.W. Bannister, Jr., and James W. Bannister, both of Hill, Wyatt & Bannister, of Greenville, for appellant.

Herbert W. Louthian, of Louthian & Louthian; Richard M. Gergel and W. Allen Nickles, III, both of Gergel, Nickles & Grant, all of Columbia, for respondents.

PER CURIAM:

Collins Entertainment Corporation appeals the final order of the circuit court granting the motion of its attorney of record, J.P. Strom, Jr., to retroactively relieve him as counsel for Collins in its action against Columbia "20" Truck Stop, Inc. and others (Columbia "20"). We reverse.

## I. FACTS

In February 1996, Collins sued Columbia "20". Strom and another attorney filed the complaint on behalf of Collins and, thus, became Collins's attorneys of record in the action. According to Strom, Collins's general counsel informed him in March of 1996 that his involvement in the case was no longer needed. However, neither Collins nor Strom applied to the court for an order relieving Strom as counsel of record.

On June 10, 1997, Strom appeared as one of several counsel who filed a complaint on behalf of Joan Caldwell Johnson and others against multiple defendants, including Collins. Nine days later, Strom filed a motion with the trial court requesting that his name be deleted as Collins's attorney of record nunc pro tunc to April 1996 in Collins's case still pending against Columbia "20".

Collins objected to Strom's motion, arguing Strom remained its attorney in the Columbia "20" case. Collins's general counsel denied relieving Strom of his duties. The Columbia "20" case was then dismissed pursuant to a settlement reached between the parties under Rule 41(a), SCRCP, on July 11, 1997. Strom did not participate in the settlement or the procurement of the order of dismissal.

Despite Collins's objections, the trial court granted Strom's motion to be retroactively relieved under Rule 60(a), SCRCP,[1]

---

1. In its order, the trial court also briefly mentioned Rule 60(b)(1), SCRCP. However, the trial court did not use this rule as a basis for granting Strom's motion.

based on clerical mistake. The order was issued on August 8, 1997. The court found that "Strom was relieved of all duties in this matter as of March 1996 and that 'by oversight or omission' his name was not removed as counsel of record." The trial court ordered that Strom's name be deleted as counsel of record as of March 1996.

The Johnson case was subsequently removed to federal court, where Collins sought to disqualify Strom based in part on the allegation that he still represented Collins in the Columbia "20" case at the time the Johnson suit was commenced, in violation of Rule 1.7 of the Rules of Professional Conduct. *See* Rule 407, SCACR, Rules of Prof. Conduct, 1.7. Collins's appeal from the trial court's order retroactively removing Strom as attorney of record is now before us.

## II. DISCUSSION

■ Collins argues the trial court erred in retroactively deleting Strom's name as attorney of record in the Columbia "20" case. We agree.

Rule 60(a), SCRCP, provides in part:

(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

In relying upon this rule, the trial court concluded that Strom's representation of Collins in the Columbia "20" case ended as of March 1996 and, therefore, his name appearing as attorney of record was merely a clerical error resulting from an oversight or omission. We conclude this was error.

■ Rule 60(a) provides the court with a mechanism for correcting clerical errors and mistakes in its judgments, orders, and other parts of the record. "Generally, a clerical error is defined as a mistake in writing or copying." *Dion v. Ravenel, Eiserhardt Assocs.*, 316 S.C. 226, 230, 449 S.E.2d 251, 253 (Ct.App.1994). A clerical error "is a mistake or omission by a clerk, counsel, judge or printer which is not the result of exercise of judicial function." *Id.* The appearance of Strom's name as counsel of record in the Columbia "20" case cannot be

considered a clerical error unless he had previously been relieved as Collins's counsel under the manner proscribed by law. Without his prior removal, there was no clerical mistake to correct.

■ Removal as attorney of record is governed by Rule 11(b), SCRCP. Rule 11(b) states in pertinent part: "An attorney may be changed by consent, or upon cause shown, and upon such terms as shall be just, upon application, by order of the Court, and *not otherwise.*" (emphasis added). The language of Rule 11(b) is clear. Once an attorney has made a formal appearance and become attorney of record in an action, withdrawal can only be accomplished by order of the court. *Id.; Culbertson v. Clemens,* 322 S.C. 20, 471 S.E.2d 163 (1996). A formal appearance by an attorney is most commonly made by the signing of pleadings. Rule 11(a), SCRCP; *Culbertson, supra.*

The requirement that removal as attorney of record be done only by order of the court is for good reason. As recently noted by our supreme court: "In all actions, it is of vital importance, not only to the parties involved but to the court as well, that the correct attorneys are listed as the attorneys of record. The best way to achieve this is by strict adherence to Rule 11(b), which was designed to eliminate any confusion regarding which attorneys are representing parties by requiring that any changes be made by application to the court." *Culbertson,* 322 S.C. at 25, 471 S.E.2d at 165.

■ The circuit court is a court of record. *See* S.C. Const. art. V, § 20; *Love v. Dorman,* 91 S.C. 384, 74 S.E. 829 (1912). Records are required to be maintained to "secure an accurate memorial of all the proceedings in the case so that persons interested may ascertain the exact state thereof." 21 C.J.S. *Courts* § 178 (1990). "The court of common pleas being a court of record and of general jurisdiction, all presumptions are in favor of the regularity of its proceedings and irregularities must be shown." *Young v. Brabham,* 105 S.C. 62, 89 S.E. 472 (1916). It is generally recognized that "[u]nless the court formally corrects it, the record of a court of record is conclusive evidence of the court's dispositions stated in the record." 20 Am.Jur. *Courts* § 28; *See also Young v. Brabham,* 105 S.C. 62, 89 S.E. 472 (1916).

610

■ Though the urgency of maintaining the record as to matters such as appearance of counsel may be diminished once the case is dismissed, it is nevertheless important that the integrity of the judicial record be maintained. For this reason, a nunc pro tunc order modifying a record as to representation in a court proceeding is not rendered moot by virtue of the dismissal of the proceeding, even though the matter of representation appears to have no effect on the outcome of the case.

■ In order to preserve the integrity of the court record, it is generally recognized that a nunc pro tunc order can be used only for the purpose of placing in the record evidence of judicial action that has actually been taken, and not to correct an error or supply an omission of judicial action. 20 Am. Jur.2d *Courts* § 29; *Carroll v. Carroll*, 338 S.W.2d 694 (Ky. 1960); *Harden v. Commonwealth*, 885 S.W.2d 323 (Ky.Ct.App. 1994). The court can correct only what was done, not what should have been done.

In this case, Strom had never made a motion to be relieved as attorney of record under Rule 11(b) prior to the motion to be retroactively relieved. Since Strom had never actually been removed as attorney of record pursuant to Rule 11(b), the appearance of his name is not the result of a mistake or omission. To the contrary, in the view of the courts, he remained Collins's attorney of record in the Columbia "20" case until it was dismissed on July 11, 1997. Consequently, a nunc pro tunc order could not be issued relieving him as of April, 1996.

### III. CONCLUSION

For the foregoing reasons, the trial court's order retroactively deleting Strom's name as attorney of record in this action is

**REVERSED.**

GOOLSBY, HUFF and HOWARD, JJ., concur.